FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JAMES DEAN CLOUD,<br><br>        Defendant. | No. 1:19-CR-02032-SMJ-1<br><br>ORDER AUTHORIZING FULL RESTRAINTS DURING MAGISTRATE COURT PROCEEDINGS |

On Monday, June 10, 2019, Defendant appeared for an initial appearance on the complaint (ECF No. 1). Defendant appeared, in custody, with Assistant Federal Defender Jennifer Barnes. Assistant United States Attorney Richard Burson represented the United States. Prior to the initial appearance, the United States Marshal Service requested to place Defendant in full restraints[1] in the courtroom. Defendant objected to the request but provided no argument in favor

---

[1] For the purposes of this order, full restraints refers to the use of leg irons and a belly chain attached to hand restraints.

ORDER - 1

of his position. The Court granted the United States Marshal Service's request and authorized full restraints in the courtroom for magistrate court proceedings. This order memorializes the Court's oral ruling.

## DISCUSSION

In *United States v. Sanchez-Gomez*, the Ninth Circuit Court of Appeals held that "[b]efore a presumptively innocent defendant may be shackled, the court must make an individualized decision that a compelling government purpose would be served and that shackles are the least restrictive means for maintaining security and order in the courtroom." *United States v. Sanchez-Gomez*, 859 F.3d 649, 661 (9th Cir. 2017) (en banc). The Supreme Court of the United States vacated the Ninth Circuit's judgment and remanded the case with instructions to dismiss it as moot. *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1542 (2018). Because the case was moot, the Supreme Court did not take a position on the question of courtroom restraints. *Id.* Out of an abundance of caution, the undersigned continues to observe the Ninth Circuit's individualized assessment standard and applies it in this case.

1. *Compelling Government Purpose*

Defendant's criminal history as documented in the presentence investigation report from his prior 2010 federal criminal case indicates Defendant has a serious history of escape attempts, obstruction of and flight

ORDER - 2

from law enforcement, and other activities that put the security of the courthouse potentially at risk. Case No. 2:10-cr-02077-RMP, ECF No. 96. Defendant's extensive and repetitive criminal history give the Court concern for courtroom safety and the escape risk Defendant poses.

Defendant has a 2002 conviction for escape. Case No. 2:10-cr-02077-RMP, ECF No. 96, ¶ 112. In January 2002, while serving a tribal sentence, Defendant climbed over the fence of the exercise yard onto the roof of the jail. *Id*. ¶ 113. Officers were unable to locate Defendant at the jail and discovered him later the same day hiding in a crawl space at Defendant's grandfather's residence. *Id*.

In February 2002, Defendant was charged with escape. *Id*. ¶ 130. The alleged conduct occurred when Defendant was in custody in tribal jail and Defendant's cellmate struck a jail employee several times in the face and head. Defendant was observed holding the jail employee down outside of his cell. *Id*. ¶ 131.

In August 2002, Defendant was charged with assault and battery, related to allegations that he punched another inmate while he was incarcerated at the Yakama Tribal Jail. *Id*. ¶¶ 135-136. The case was dismissed when the victim failed to appear at the trial. *Id*. ¶ 137.

ORDER - 3

In December 2002, Defendant was convicted of obstruction. *Id.* ¶ 116. The offense occurred when law enforcement officers sought Defendant for questioning and ordered him to stop. *Id.* ¶ 117. Defendant failed to do so and ran from the officers, including going through brush and jumping a fence. *Id.* The officers apprehended him after a short foot pursuit. *Id.*

In February 2004, Defendant was charged with taking a vehicle without permission and attempting to elude a pursing police vehicle. *Id.* ¶ 138. The alleged conduct occurred when Defendant was observed driving a vehicle that was reported stolen. *Id.* ¶ 139. A law enforcement officer attempted a traffic stop, but the vehicle accelerated and refused to stop. *Id.* It is alleged that Defendant drove at speeds near 80 miles per hour until he failed to make a turn and hit a fence, crashing to a stop, and then fled on foot. *Id.* ¶ 140.

In January 2006, Defendant was convicted of obstruction, reckless endangerment, reckless driving and driving while license suspended/revoked. *Id.* ¶¶ 118-120. The offense occurred when law enforcement attempted a traffic stop of Defendant as he drove a vehicle that was reported stolen. *Id.* ¶ 121. Defendant refused to stop and drove through stop signs with speeds of up to 95 miles per hour. *Id.* Defendant's vehicle then became stuck in a field and he fled on foot. *Id.* ¶ 122.

ORDER - 4

In August 2008, Defendant was charged with first degree robbery, second degree assault, second degree robbery, and theft of a motor vehicle. *Id.* ¶ 141. The alleged conduct occurred when Defendant struck the victim several times and took the victim's vehicle. *Id.* ¶ 142. Defendant then attempted to elude law enforcement, failed to make a turn, landed in an irrigation canal, and then fled on foot. *Id.*

In December 2008, Defendant was convicted of attempting to elude a police vehicle and possession of a stolen vehicle. *Id.* ¶ 92. The offense occurred when a police officer observed Defendant driving a vehicle that was reported stolen. *Id.* ¶ 94. The officer activated his emergency lights and attempted to stop the vehicle. *Id.* Defendant failed to stop, attempted to make a 90 degree turn at approximately 60 miles per hour, and drove off the road into an irrigation canal. *Id.* Defendant exited the vehicle and ran from the pursuing officers on foot. *Id.* Defendant was apprehended after one of the responding officers deployed a Taser. *Id.*

Significantly, while incarcerated for this offense, Defendant was documented attempting to help another inmate escape from custody by threatening a third inmate into helping him create a hole in the ceiling of the shower area of their unit. *Id.* ¶ 97. Additionally, while on supervision for this

ORDER - 5

offense, Defendant did not reside at the address at which he reported residing to the Department of Corrections. *Id.* ¶ 95.

In June 2010, Defendant was charged with negligent driving and assault. *Id.* ¶ 145. The alleged conduct occurred when law enforcement attempted to apprehend Defendant and Defendant gave a false name and attempted to flee on foot. *Id.* ¶ 147.

Defendant's pattern of evading law enforcement continued through violations of his conditions of supervised release in his prior federal case, 2:10-cr-02077-RMP. According to a Petition filed November 14, 2016, Defendant absconded from the residential reentry center where he was required to live. Case No. 2:10-cr-02077-RMP, ECF No. 119. According to a Petition filed November 15, 2016, law enforcement attempted to stop Defendant in a vehicle, but Defendant accelerated and reached speeds of approximately 100 miles per hour. ECF No. 120. The pursuit resulted in damage to two law enforcement vehicles. *Id.* Defendant's vehicle was later located in a creek and a K-9 track revealed Defendant hiding in a bush. *Id.* According to a Petition filed April 21, 2017, Defendant absconded from his transition house and did not inform his Probation Officer of his location. ECF No. 150. According to a Petition filed May 24, 2017, law enforcement attempted to stop Defendant, but Defendant

gave a false name, tried to push an officer off balance, and ran from the officers. ECF No. 151.

In the instant matter, it is alleged that on June 10, 2019, Defendant refused to respond to law enforcement directives when they sought to detain him, fled on foot, and was apprehended using a K-9 unit.  Defendant is currently charged with carjacking and brandishing a firearm during a crime of violence, which if a conviction were to result, carries a mandatory minimum sentence of seven years of imprisonment.

Defendant's criminal history reveals a repeated lack of respect for law enforcement directives and authority.  Defendant has demonstrated a recurring pattern of fleeing from law enforcement, escaping or attempting to escape from custody, and engaging in risky behaviors that put the community risk while attempting to evade law enforcement.  Due to this history, the Court finds full restraints are necessary to serve the compelling government interest of ensuring courtroom and community safety.

2. *Least Restrictive Means*

The Court further finds that full restraints are the least restrictive means for maintaining order and security in the courtroom in this case.  Defendant has a documented repeat history of fleeing or attempting to flee on foot.  On separate occasions, Defendant is also alleged to have held down jail personnel, climbed

ORDER - 7

over a jail yard fence, and attempted to push a law enforcement officer off balance. There are allegations Defendant forced another inmate to aid in an escape attempt and had assaulted another inmate. Additionally, the Court notes that the Yakima courthouse presents unique security challenges. The local office of the U.S. Marshal is suffering a staffing shortage. It is a branch courthouse located 200 miles from the main courthouse in Spokane. Moreover, the magistrate courtroom is located on the first floor of the courthouse, approximately 30 feet to the front door of the courthouse. This combination of factors leads the Court to conclude that full restraints are the least restrictive means available to maintain order and security in the courtroom.[2]

IT IS HEREBY ORDERED:

1. Defendant shall be placed in full restraints during all proceedings in federal magistrate court.
2. The Clerk of Court is instructed to enter this order and provide copies to counsel and the United States Marshal Service.

---

[2] At this time, this finding applies only to magistrate court proceedings. At the time of the Court's oral findings, this case was charged by complaint and no district judge had been assigned to the matter.

ORDER - 8

DATED June 11, 2019.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 9