William D. Hyslop
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
Richard C. Burson
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO: 1:19-CR-02032-SMJ-1 |
| | 1:19-CR-02032-SMJ-2 |
| Plaintiff, | |
| | GOVERNMENT'S NOTICE OF |
| vs. | INTENT TO INTRODUCE |
| | EVIDENCE PURSUANT TO FED. |
| | R. EVID. 404(b) |
| JAMES DEAN CLOUD and | |
| DONOVAN QUINN CARTER CLOUD, | |
| Defendants. | |

COMES NOW the Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Thomas J. Hanlon and Richard C. Burson, Assistant United States Attorneys, and hereby gives notice to the Defendant of the Government's intent to introduce evidence pursuant to Federal Rule of Evidence 404(b):

1

**404(b) Evidence**

Federal Rule of Evidence 404(b) allows the United States to introduce evidence of "other crimes, wrongs, or acts" committed by a defendant so long as the evidence is not used merely to show propensity. *See United States v. Alfonso*, 759 F.2d 728, 739 (9th Cir. 1985). Rule 404(b) specifically permits such evidence to show intent, knowledge, and absence of mistake or accident.

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).

"Rule 404(b) is a rule of inclusion. Thus, evidence of past wrongful acts is admissible if it is relevant to an issue *other* than the defendant's character or criminal propensity." *Alfonso*, 759 F.3d at 739 (citation omitted). "Unless the evidence of other crimes tends only to prove propensity, it is admissible." *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996).

> To be probative of something other than criminal propensity, the prior bad act evidence must: (1) prove a material element of the crime currently charged; (2) show similarity between the past and charged conduct; (3) be based on sufficient evidence; and (4) not be too

> remote in time. Once relevance is established, the district court should admit the evidence unless its prejudicial impact substantially outweighs its probative value.

*United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997). "[E]vidence that a defendant committed similar crimes in the past is routinely admitted under Rule 404(b) to prove ... absence of mistake or accident." *United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001).

**Inextricably Intertwined**

Evidence of prior bad acts that is inextricably intertwined with the charged crime need not meet the standards for admissibility under Fed. R. Evid. 404(b). *United States v. Montgomery*, 384 F.3d 1050, 1061 (9th Cir. 2004). Evidence is "inextricably intertwined" with charged crimes if it either: (1) constitutes a part of the transaction that serves as the basis for the charges, or (2) is necessary "to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004).

**Facts**

On June 8, 2019, at approximately 4:04 p.m., the Yakima County Sheriff's Office ("YCSO") received an emergency call from a victim who reported that she and others had been shot. The victim reported that she was traveling in a vehicle. Officers quickly located the vehicle on Evans Road, White Swan, Washington.

3

YCSO deputies discovered that there were three victims who had been shot. After conducting an interview, the deputies learned that the victims had just fled from 5151 Medicine Valley Road, White Swan, Washington. Furthermore, the deputies were advised that there were multiple deceased persons at the listed property.

Deputies immediately responded to the 5151 Medicine Valley address. Upon arrival, the deputies observed several deceased individuals. One of the victims was identified as C.E.

Approximately 40 minutes later, deputies received an emergency call regarding a carjacking on Evans Road. Deputies immediately responded to the scene and spoke with the victims. The victims reported that two armed males had approached the residence. One of the males, later identified as Donovan Quinn Carter Cloud, seized and held a gun to the head of Minor A. The other male, identified as James Carter Cloud, also held a firearm. The victims were forced to provide the keys to a vehicle. The two armed males fled with the vehicle. The Defendants are currently charged with the violations set forth in the Superseding Indictment, ECF No. 59, as a result of the kidnapping and carjacking at Evans Road.

As the investigation of the homicides at Medicine Valley and the carjacking and kidnapping at Evans Road progressed, deputies discovered a vehicle which had belonged to C.E. The vehicle appeared to have broken down approximately

less than one mile from the residence on Evans Road where the carjacking and kidnapping were committed. The government intends to introduce evidence to show that the kidnapping and carjacking at Evans Road, and the homicides at Medicine Valley, were both committed by the Defendants. Furthermore, the government intends to show that the carjacking and kidnapping were motivated by a desire to flee, and committed to facilitate fleeing, the area of the homicides after the vehicle initially used to flee Medicine Valley – the truck belonging to C.E. – broke down near the Evans Road residence.

The government asserts evidence from the 5151 Medicine Valley Road address is not 404(b) evidence, but rather is evidence of criminal acts "inextricably intertwined" with the instant charged offenses.

Furthermore, such evidence is also admissible under 404(b). The government submits that such evidence is admissible, per Federal Rule 404(b) to establish motive, opportunity, intent, and plan.

Respectfully submitted this 10th day of September, 2019.

WILLIAM D. HYSLOP
United States Attorney

s/ Thomas J. Hanlon
THOMAS J. HANLON
Assistant United States Attorney

5

I hereby certify that on September 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Jeremy Sporn, Jay McEntire, and Lorinda Youngcourt, Rick Smith and Michael Prince.

        s/ Thomas J. Hanlon
        THOMAS J. HANLON
        Assistant United States Attorney
        United States Attorney's Office
        402 E. Yakima Ave., Suite 210
        Yakima, WA   98901
        (509) 454-4425
        Fax (509) 454-4435