FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 04, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DEAN CLOUD (01) and DONOVAN QUINN CARTER CLOUD (02),<br><br>Defendants. | No.  1:19-CR-02032-SMJ-01<br>      1:19-CR-02032-SMJ-02<br><br>**ORDER GRANTING SECOND MOTION TO CONTINUE AND RULING ON PRETRIAL MOTIONS**<br><br>**AMENDED[1] CASE MANAGEMENT ORDER** |

Before the Court, without oral argument, are Defendant James Dean Cloud's (01) Unopposed Motion to Continue, ECF No. 99, in which Defendant Donovan Quin Carter Cloud (02) joins, ECF No. 107, as supplemented by Defendant Cloud (02)'s Proposed Case Management Deadlines, ECF No. 112 (collectively, the "Joint Motion to Continue"). Also before the Court, without oral argument, are Defendant Cloud (02)'s Motion *In Limine* and Request Additional Time to Request a *Daubert* Hearing, ECF No. 93, Motion for Production of 404(b) Evidence, ECF No. 94,

---

[1] This Order amends and supersedes in part the Court's most recent July 22, 2019 Case Management Order, ECF No. 79.

ORDER GRANTING SECOND MOTION TO CONTINUE AND RULING ON PRETRIAL MOTIONS **-** 1

Motion for Bill of Particulars, ECF No. 95, and Response to the Government's Notice of Intent to Introduce Evidence Pursuant to Fed. R. Evid. 404(b), ECF No. 103, which the Court construes as a motion *in limine* to exclude the evidence identified by the Government's Notice of Intent to Introduce Evidence Pursuant to Fed. R. Evid. 404(b), ECF No. 92. Having considered the motions and related filings, as well as the record in this matter, the Court is fully informed, and sees no need for oral argument. The Court addresses each of the motions in turn.

**A.     Joint Motion to Continue**

Counsel for both Defendants request a continuance of the pretrial motions filing deadline, the pretrial conference, and the trial, to allow more time to obtain and review discovery, investigate the case, retain experts as needed, prepare pretrial motions, and prepare for trial. ECF Nos. 99, 107 & 112. Both Defendants support the motion for the articulated reasons. ECF Nos. 113, 116. The Government is not opposed to the requested continuance. ECF No. 99 at 1; ECF No. 101 at 2. The parties have reached agreement on proposed case management deadlines, including for the pretrial conference and trial date. ECF No. 112.

The Indictment was filed for Defendants (01) and (02) on June 11, 2019. ECF No. 17. The Superseding Indictment was filed on July 17, 2019, ECF No. 59. John B. McEntire appeared on behalf of Defendant Cloud (01) on June 11, 2019, ECF No. 15, and Lorinda M. Youngcourt appeared on his behalf on July 9, 2019, ECF

No. 49. Richard A. Smith and Michael S. Prince appeared on behalf of Defendant Cloud (02) on June 19, 2019. ECF Nos. 33, 34.

To ensure **all** defense counsel are afforded adequate time to obtain and review discovery, investigate the case, retain experts as needed, prepare pretrial motions, and prepare for trial, the Court grants the motion, extends the pretrial motions deadline, and resets the currently-scheduled pretrial conference and trial dates. The Court finds that Defendants' continuance requests are knowing, intelligent, and voluntary, and that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendants in a speedy trial. The delay resulting from the Joint Motion to Continue is therefore excluded under the Speedy Trial Act.

Counsel are advised that successive continuance requests will be closely scrutinized for the necessity of more time to effectively prepare, taking into account the exercise of due diligence.

Having considered the parties' proposed case schedule and deadlines, the Court below enters an Amended Case Management Order ("CMO"), which sets forth the deadlines, hearings, and requirements the parties will observe in this matter. To the extent this Order conflicts with any previously-entered Orders in this matter, this Order shall govern. All counsel are expected to carefully read and abide by this Order and such provisions of the current CMO which have not been superseded hereby. The Court will grant relief from the requirements in this Order

ORDER GRANTING SECOND MOTION TO CONTINUE AND RULING ON PRETRIAL MOTIONS **-** 3

only upon motion and good cause shown.

**B.    Defendant Cloud (02)'s Motion *In Limine* and Request Additional Time to Request a *Daubert* Hearing**

Defendant Cloud (02) filed a motion requesting several forms of pretrial relief, ECF No. 93. The Court briefly addresses each in turn.

**1.    Motion to Extend the Deadline to Request a *Daubert* Hearing**

Defendant Cloud (02) requests an extension of the deadline to request a *Daubert* hearing set by the Court's July 22, 2019 Amended Case Management Order, ECF No. 79. ECF No. 93 at 2–3. The Court now grants the Joint Motion to Continue, which includes an extension of the deadline to request a *Daubert* hearing. Accordingly, the Court denies this aspect of the motion as moot.

**2.    Motion to Exclude "Overview Testimony"**

Defendant Cloud (02) moves to prohibit the Government from introducing prohibited hearsay at trial by eliciting "overview testimony" from investigating police officers. ECF No. 93 at 3–4. The Court finds that it would be inappropriate to weigh the merits of this motion at this early stage, while discovery is still ongoing and the case may continue to evolve; resolving the issue will be more appropriate closer to the new April 27, 2020 trial date. Accordingly, the Court reserves ruling on this aspect of the motion. Either Defendant may renew the motion ahead of the newly-scheduled pretrial conference.

### 3. Motion to Exclude Statements of Co-Conspirators

Defendant Cloud (02) also moves to exclude the statements of potential co-conspirators "until it is determined that any proposed statement meets the requirements of FRE 801(d)(2)." *Id.* at 4. This aspect of the motion appears to do no more than ask the Court to enforce the Federal Rules of Evidence. Moreover, resolving any issues related to the admissibility of co-conspirator statements will be more appropriate closer to the new pretrial conference date. Accordingly, the Court reserves ruling on this aspect of the motion. Either Defendant may renew the motion ahead of the newly-scheduled pretrial conference.

### 4. Motion to Exclude Testimony of Undisclosed Expert Witnesses

Defendant Cloud (02) also moves to "prohibit any opinion testimony by any person who has not previously been identified as an expert and/or who the Government has failed to provide discovery." *Id.* at 5. As the deadline to produce discovery and identify expert witnesses is now extended, the Court denies this aspect of the motion as moot.

### 5. Motion to Exclude Testifying Witnesses from the Courtroom

Defendant Cloud (02) also moves to exclude testifying witnesses from the Courtroom during trial. The Court finds that resolving this aspect of the motion will be more appropriate closer to the new April 27, 2020 trial date. Accordingly, the

Court reserves ruling on this aspect of the motion. Either Defendant may renew the motion ahead of the newly-scheduled pretrial conference.

### 6. Motion for Leave to File Additional Motions *In Limine*

Defendant Cloud (02) also "reserves the right to file additional motions *in limine* should the need arise prior to trial." *Id.* at 6. As the deadline to file motions *in limine* is now extended, the Court denies this aspect of the motion as moot.

## C. Motion for Production of 404(b) Evidence

Defendant Cloud (02) moves the Court for an order compelling the Government to produce and designate evidence it intends to offer at trial under Federal Rule of Evidence 404(b). ECF No. 94. On September 10, 2019, the Government filed a notice of its intent to offer some evidence potentially implicating Rule 404(b). ECF No. 92. For this reason, and because the deadline to file 404(b) notices is now extended, the Court denies this motion as moot.

## D. Motion for Bill of Particulars

Defendant Cloud (02) moves for a bill of particulars as to Count 4 of the Superseding Indictment, charging both Defendants with kidnapping in violation of 18 U.S.C. § 1201(a)(2). ECF No. 95 at 5. Specifically, Count 4 charges that:

> On or about June 8, 2019, in the Eastern District of Washington, the Defendants, DONOVAN QUINN CARTER CLOUD and JAMES DEAN CLOUD, both Indians, who were not parents, grandparents, brothers, sisters, aunts, uncles, or individuals having legal custody of Minor A, did unlawfully kidnap, abduct, confine, and seize a person identified as Minor A, who had not then attained the age of eighteen years, all within the boundaries of the Yakama Nation Indian Reservation, in Indian Country; in violation of 18 U.S.C. §§ 1201(a)(2), (g)(1), and 3559(f)(2), 2.

ECF No. 59 at 3. Defendant Cloud (02) argues that Count 4 "does not provide the Defendant reasonable certainty of the nature of the accusation against him" because it omits the statutory language that he "h[eld] for ransom or reward or otherwise"[2] the identified minor victim. *Id.* at 4 (citing 18 U.S.C. § 1201(a)).

Under Federal Rule of Criminal Procedure 7(f), the Court may order the Government to produce a bill of particulars "to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense." *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) (citing *Will v. United States*, 389 U.S. 90, 98–99 (1967)). "These purposes

---

[2] 18 U.S.C. § 1201(a)(2) provides in full: "Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when[] any such act against the person is done within the special maritime and territorial jurisdiction of the United States[] shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment."

ORDER GRANTING SECOND MOTION TO CONTINUE AND RULING ON PRETRIAL MOTIONS **-** 7

1  are served if the indictment itself provides sufficient details of the charges and if
2  the Government provides full discovery to the defense." *Id.*

3  Kidnapping under § 1201(a)(2) is a general intent crime, and therefore, "the
4  prosecution need not prove that the defendant committed the kidnapping for any
5  particular purpose." *United States v. Sneezer*, 983 F.2d 920, 922 (9th Cir. 1992).
6  Thus, although the words "held for ransom or reward or otherwise" are not
7  "surplusage, . . . 'involuntariness of seizure and detention . . . is the very essence of
8  the crime of kidnaping.'" *Gawne v. United States*, 409 F.2d 1399, 1403 (9th Cir.
9  1969) (quoting *Chatwin v. United States*, 326 U.S. 455, 464 (1946)). Moreover, as
10  one court held, "it is difficult to see how the addition of the words 'for ransom or
11  reward or otherwise' would have added anything to the indictment because
12  obviously 'otherwise' comprehends any purpose at all." *Clinton v. United States*,
13  260 F.2d 824, 825 (5th Cir. 1958) (cited approvingly in *Gawne*, 409 F.2d at 1403)).
14  The same is true here, and thus Defendant Cloud (02)'s argument that "the
15  Government has failed to even include [this] statutory language in the indictment"
16  is unavailing. ECF No. 108 at 2.

17  The parties agree that the Government has produced more than 4000 pages
18  of discovery, and the Government contends that "all known police reports
19  documenting the carjacking/kidnapping have been provided in discovery." ECF No.
20  100 at 4. The Government also states that it continues to produce discovery "upon

ORDER GRANTING SECOND MOTION TO CONTINUE AND RULING
ON PRETRIAL MOTIONS **-** 8

receipt." ECF No. 101 at 1. Even so, Defendant Cloud (02) suggests that "a bill of particulars identifying the alleged 'holding' and motive and purpose of the [kidnapping] is particularly appropriate in this case given the similarity of [the] facts and circumstances regarding the Government's charges of carjack and kidnap." ECF No. 108 at 2.

The Court finds that a bill of particulars is unnecessary. For one thing, as set out above, the purpose or motivation for which Defendants engaged in the alleged kidnapping is not an essential element of the crime charged, and therefore additional detail as to the Government's theory is unnecessary. This result is unchanged by any potential overlap between the kidnapping and carjacking charges. More importantly, the Court finds that a bill of particulars is unnecessary where, as here, the indictment provides sufficient detail as to the essential elements of the kidnapping charge, and where the Government has provided Defendants with full discovery and will continue to do so. *Mitchell*, 744 F.2d at 705 (citing *Will*, 389 U.S. at 98–99). Accordingly, Defendant Cloud (02)'s Motion for Bill of Particulars, ECF No. 95, is denied.

**E.    Motion to Exclude 404(b) Evidence**

Finally, Defendant Cloud (02) filed a Response to the Government's Notice of Intent to Introduce Evidence Pursuant to Fed. R. Evid. 404(b), ECF No. 103. The Court construes this as a motion *in limine* to exclude the evidence identified by the

Government's Notice of Intent to Introduce Evidence Pursuant to Fed. R. Evid. 404(b), ECF No. 92.

The Government has indicated its intent to offer evidence of events at an address in White Swan, Washington, the scene of several alleged homicides. ECF No. 92 at 1–5. The Government contends that such evidence is "inextricably intertwined" with evidence of the crimes for which Defendants are charged— kidnapping and carjacking—because the Government contends the charged crimes were motivated by a desire to flee the scene of the uncharged homicides. *Id.* The Government also contends that the evidence is admissible over a Rule 404(b) objection because it will be used to "establish motive, opportunity, intent, and plan." *Id.* at 5.

Defendant Cloud (02) objects that evidence from the scene of the uncharged homicides should be excluded because it is not inextricably intertwined with the kidnapping and carjacking charges; because the evidence does not meet the test for admissibility under Rule 404(b); and because the probative value of the evidence is outweighed by its prejudicial effect. ECF No. 103 at 1–6.

The Court finds that at this time, ruling on the admissibility of evidence from the scene of the uncharged homicides would be premature. Discovery is ongoing, and as the case evolves, the nature, import, and admissibility of the evidence in question may change. Resolving this issue, to the extent it remains necessary to do

so, would be more appropriate at the newly set pretrial conference, where an evidentiary hearing may be necessary. Accordingly, the Court reserves ruling on this motion. Either Defendant may renew the motion ahead of the newly-scheduled pretrial conference.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Joint Motion to Continue, **ECF Nos. 99, 107 & 112** is **GRANTED**.

The Court finds, given defense counsel's need for time to obtain and review discovery, investigate the case, retain experts as needed, prepare pretrial motions, and prepare for trial, that failing to grant a continuance would result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court, therefore, finds the ends of justice served by granting a continuance in this matter outweigh the best interest of the public and Defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

**Original CMO.** <u>Counsel must review the provisions of the original June 18, 2019 CMO, ECF No. 31, and abide by those procedures which remain in full force and effect and are incorporated herein except for the new compliance deadlines in the following Summary of Amended Deadlines.</u>

**Pretrial Conference.** The pretrial conference currently set for October 8,

2019 is **STRICKEN** and **RESET** for **March 17, 2020** at **9:30 AM** in **YAKIMA**. At this hearing, the Court will hear **ALL** pretrial motions that are noted for oral argument.

Pretrial conferences are scheduled to last no more than **thirty (30) minutes**, with each side allotted **fifteen (15) minutes** to present their own motions and resist motions by opposing counsel. If any party anticipates requiring longer than fifteen (15) minutes, that party must notify the Courtroom Deputy at least seven (7) days prior to the hearing. **<u>Any party who fails to provide this notice will be limited to fifteen (15) minutes.</u>**

**Trial.** The current trial date of October 28, 2019 is **STRICKEN** and **RESET** to **April 27, 2020**, at **9:00 AM** in **YAKIMA**. The <u>final</u> pretrial conference will begin at **8:30 AM**.

Pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv), the Court **DECLARES EXCLUDABLE from Speedy Trial Act calculations** the period from **September 14, 2019**, the date defense counsel moved to continue, through **April 27, 2020**, the new trial date, as the period of delay granted for adequate preparation by counsel.

**Summary of Amended Deadlines**

| | |
|---|---|
| Disclose all discovery | **January 16, 2020** |
| Provide alibi notices | **January 16, 2020** |
| File Rule 404(b) and 609 notices | **January 16, 2020** |
| Produce Rule 16 expert witness summaries | **January 23, 2020** |

ORDER GRANTING SECOND MOTION TO CONTINUE AND RULING ON PRETRIAL MOTIONS **-** 12

| | |
|---|---|
| All pretrial motions, including discovery motions, *Daubert* motions, and motions *in limine*, filed | **February 18, 2020** |
| **PRETRIAL CONFERENCE** *Deadline for motions to continue trial* | **March 17, 2020** **9:30 AM - YAKIMA** |
| CIs' identities and willingness to be interviewed disclosed to Defendant (if applicable) | **April 13, 2020** |
| Grand jury transcripts produced to Defendant     Case Agent:     CIs:     Other Witnesses: | **April 13, 2020** **April 13, 2020** **April 13, 2020** |
| Exhibit lists filed and emailed to the Court | **April 20, 2020** |
| Witness lists filed and emailed to the Court | **April 20, 2020** |
| Trial briefs, jury instructions, verdict forms, and requested *voir dire* filed and emailed to the Court | **April 17, 2020** |
| Exhibit binders delivered to all parties and to the Court | **April 17, 2020** |
| Delivery of JERS-compatible digital evidence files to the Courtroom Deputy | **April 17, 2020** |
| Trial notices filed with the Court | **April 17, 2020** |
| Technology readiness meeting (in-person) | **April 20, 2020** |
| **JURY TRIAL** | **April 27, 2020** **9:00 AM - YAKIMA** |

    **2.**    Defendant Cloud (02)'s Motion *In Limine* and Request Additional Time to Request a *Daubert* Hearing, **ECF No. 93**, is **DENIED IN PART AS MOOT** and the Court **RESERVES RULING** in part, as explained above, subject to either Defendant's ability to renew the motions at the time of the rescheduled pretrial conference.

    **3.**    Defendant Cloud (02)'s Motion for Production of 404(b) Evidence,

ORDER GRANTING SECOND MOTION TO CONTINUE AND RULING ON PRETRIAL MOTIONS **-** 13

ECF No. 94, is **DENIED AS MOOT**.

4. Defendant Cloud (02)'s Motion for Bill of Particulars, **ECF No. 95**, is **DENIED**.

5. The Court **RESERVES RULING** on Defendant Cloud (02)'s Response to the Government's Notice of Intent to Introduce Evidence Pursuant to Fed. R. Evid. 404(b), **ECF No. 103**, which the Court construes as a motion *in limine* to exclude the evidence identified by the Government's Notice of Intent to Introduce Evidence Pursuant to Fed. R. Evid. 404(b), ECF No. 92.

6. Because the Court has resolved all pending motions set for hearing, the pretrial conference and motions hearings set for October 8, 2019 is **STRICKEN**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 4th day of October 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge