William D. Hyslop
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES DEAN CLOUD,<br><br>Defendant. | NO: 1:19-CR-2032-SMJ-1<br><br>GOVERNMENT'S NOTICE OF INTENT FRE 609 |

COMES NOW the Plaintiff, United States of America, by and through the United States Attorney for the Eastern District of Washington, William D. Hyslop, and Assistant United States Attorneys, Thomas J. Hanlon and Richard C. Burson, and herein discloses the Government's intent to introduce evidence pursuant to Federal Rule of Evidence 609 as follows:

As pertinent, Rule 609(a) of the Federal Rules of Evidence provides as follows: The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

Government's Notice of Intent
FRE 609

1

(B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving-or the witness's admitting-a dishonest act or false statement.

For purposes of impeachment, the Government intends to elicit on cross-examination and, if necessary, through public records, the following prior felony convictions:

1) On or about July 21, 2010, Defendant committed the offenses of Count 1, Crime on Indian Reservation - Burglary and Count 2, Possession of Stolen Firearms, both felony offenses, and Defendant was convicted of such felony offenses on March 1, 2011, in the United States District Court – Eastern District of Washington, in Cause Number 2:10-CR-2077-RMP-1. On September 1, 2016, the Defendant was resentenced to credit for time served (2,232 days in prison). On November 17, 2016, the defendant was sentenced to two months in jail for a supervised release violation. On July 11, 2017, the defendant was sentenced to three months in jail for a supervised release violation and his supervision was terminated.

2) On or about August 18, 2008, Defendant committed the offenses of Count 1, Attempt to Elude Police Vehicle, and Count 2, Possession of Stolen Vehicle, both felony offenses, and Defendant was convicted of such felony offenses on December 4, 2008, in the Superior Court for Yakima County, in Cause Number 08-1-01650-7. As to Count 2, Defendant was sentenced to 25 months confinement. On January 15, 2019, Defendant began a term of community confinement. After multiple sanctions, on June 17, 2010, Defendant was sentenced to 60 days in jail.

ARGUMENT

The Ninth Circuit has outlined five factors that should guide the district court's decision whether to admit evidence under Rule 609(a)(1):

1. the impeachment value of the prior crime
2. the point in time of the conviction and the witness' subsequent history
3. the similarity between the past crime and the charged crime
4. the importance of the defendant's testimony
5. the centrality of the credibility issue

See *United States v. Cook*, 608 F.2d 1175, 1185 n. 8 (9th Cir. 1979)(en banc); see also *United States v. Wallace*, 848 F.2d 1464, 1473 n. 12 (9th Cir. 1988). Although the trial judge is not required to state his or her analysis of each of the five factors with special precision, "the record should reveal, at a minimum, that the trial judge 'was aware of the requirements of Rule 609(a)(1).' " *Wallace*, 848 F.2d at 1473 (quoting *United States v. Givens*, 767 F.2d 574, 579 80 (9th Cir. 1985)). Evidence of a prior conviction may be admitted for impeachment purposes if the probative value outweighs the prejudicial effect of admission. *United States v. Martinez-Martinez*, 369 F.3d 1076, 1088 (9th Cir. 2004), citing, *United States v. Cook*, 608 F.2d 1175, 1185 (9th Cir. 1979)(en banc), overruled on other grounds, *Luce v. United States*, 469 U.S. 38 (1984). "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully." *United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005). "When a defendant takes the stand and denies having committed the charges offenses, he places his credibility directly as issue." *United States v. Alexander*, 48 F.3d 1477, 1489 (9th Cir. 1995)(citations omitted).

Government's Notice of Intent
FRE 609

3

In *Martinez-Martinez*, the defendant was charged with attempted illegal reentry into the United States. *United States v. Martinez-Martinez*, 369 F.3d at 1078. At trial, the Government was permitted to impeach the defendant with his seven-year-old felony conviction for possession of marijuana for sale. In considering whether to permit the Government to use the prior conviction, the district court found that credibility, specifically "the defendant's character for honesty, is a factor that will be weighed by the jury in this case." *Id.* at 1088. The district court then allowed the Government to impeach the defendant with his "sanitized" felony conviction. *Id.* The Ninth Circuit found that the district court did not abuse its discretion in allowing the prior conviction as impeachment of the defendant's testimony. *Id.*

In the present case, the credibility of the Defendant, if he chooses to testify, is of paramount importance. The jury should have all the information, including the Defendant's prior felony convictions, which reflect on the Defendant's credibility.

CONCLUSION

It is requested that this Court determine whether the probative value of the Defendant's prior conviction evidence outweighs the possibility of prejudice. The facts of the present case indicate that credibility of the Defendant is likely to be a paramount issue. Thus, if the Defendant intends to exercise his right to testify in support of his case, it would be unfair and misleading to the jury to allow the Defendant to appear as a pristine and innocent witness who lacks any previous criminal background. In such circumstances, the Defendant's prior convictions are probative of credibility.

For the foregoing reasons, the Government requests that this Court allow the Government to use the Defendant's prior felony convictions as impeachment evidence should he testify at trial. If the defendant chooses to testify at trial, the Government seeks to impeach the defendant with the felony criminal convictions noted above,

Government's Notice of Intent
FRE 609

4

which satisfy the five requirements, and in which the probative value outweighs any prejudicial effect.

Respectfully submitted this 16th day of January, 2020.

          William D. Hyslop
          United States Attorney

          s/ Thomas J. Hanlon
          THOMAS J. HANLON
          Assistant U.S. Attorney

          s/ Richard C. Burson
          RICHARD C. BURSON
          Assistant U.S. Attorney

I hereby certify that on January 16, 2020, I electronically filed the foregoing with the clerk of the Court using the CM/ECF System which will send notification of such filing to the following: John B. McEntire, IV., Jeremy B. Sporn, Lorinda Youngcourt.

          s/ Thomas J. Hanlon
          Thomas J. Hanlon
          Assistant United States Attorney
          United States Attorney's Office
          402 E. Yakima Ave., Suite 210
          Yakima, WA 98901
          (509) 454-4425