William D. Hyslop
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant U.S. Attorney
Richard C. Burson
Assistant U.S. Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 1:19-CR-02032-SMJ-1 |
| Plaintiff, | |
| v. | RESPONSE TO DEFENDANT'S MOTION FOR UNREDACTED DISCOVERY |
| JAMES DEAN CLOUD, | |
| Defendant. | |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Thomas J. Hanlon and Richard C. Burson, Assistant United States Attorneys, hereby responds to defendant's Motion to Unredacated Discovery (ECF 130).

## I.     FACTS

On June 8, 2019, four adults were murdered at 5151 Medicine Valley Road, White Swan, Washington. One of the homicide victims was identified as C.E.

Later that same day, four other adults traveled to the above address for a visit. The four visiting adults were seated in a Ford pick-up truck. A male, D.O., was the driver of the truck. One of the adults (T.H.) exited the truck. T.H. was subsequently shot and killed. According to multiple witnesses, the Defendant approached the Ford truck and shot D.O. with a rifle. Soon after, a shotgun was fired causing damage to the Ford truck. The occupants inside of the truck were injured. The occupants of the truck frantically drove away from the crime scene and called the police.

*Response to Defendant's Motion*
*For Unredacted Discovery  -  1*

After the murders, the Defendant, Donovan Cloud ("Donovan") and two others entered C.E.'s truck and fled from 5151 Medicine Valley Road. The truck broke down. The Defendant and Donovan armed themselves and walked towards a residence. The Defendant and Donovan were in search of another vehicle. The Defendant and Donovan approached the residence and saw children. Donavan ultimately held a gun to the head of a child and demanded keys to a vehicle. The Defendant utilized a firearm and obtained keys to a vehicle from the property owner. The Defendant and Donovan subsequently forced the child into the vehicle and fled from the area. The child was able to escape by leaping out of the vehicle.

The Defendant and Donovan attempted to hide from law enforcement. The Defendant and Donovan successfully obtained support in their efforts to conceal themselves from law enforcement. Donovan successfully escaped to Oregon where he was ultimately arrested. The Defendant was arrested in Washington after a vehicular crash.

The Defendant has a lengthy and violent criminal history. As an adult, the Defendant has the following convictions: Second Degree Burglary (2001); First Degree Possession of Stolen Property (2004); Second Degree Attempted Burglary (2004); Second Degree Burglary (2004); Taking Vehicle without Permission (2005); Delivery of Methamphetamine (2005); Attempted Residential Burglary (2006); Attempt to Elude a Police Vehicle and Possession of Stolen Vehicle (2008); and Crime on Indian Reservation - Burglary and Possession of Stolen Firearms (2011). In regards to the last conviction, the Defendant was sentenced to 120 months imprisonment. On or about September 1, 2016, he was resentenced and released from confinement. He subsequently violated terms of supervised release and was sentenced to an additional three months in jail. The Defendant's supervised release was terminated. According to law enforcement records, the Defendant is associated/involved with a street gang.

Donovan Cloud also has a lengthy and violent criminal history. As an adult,

*Response to Defendant's Motion*
*For Unredacted Discovery* - 2

Donovan has the following convictions: Fourth Degree Assault (2005); Harassment (2005); Fourth Degree Assault (2006); First Degree Assault with Deadly Weapon/Force (2007); First Degree Robbery, Theft of Firearm, Attempt to Elude Police Vehicle, and Theft of Motor Vehicle (2014). According to Department of Corrections records, the Defendant is a known affiliate of the Bloods, East Side Piru street gang. In the instant case, on July 17, 2019, a superseding Indictment was filed which charges the Defendant with Carjacking, Brandishing of a Firearm During a Crime of Violence, Assault with a Deadly Weapon, and Kidnapping. If convicted at trial, the Defendant is facing a considerable sentence.

Due to the nature of the instant offense as well as the history of the Defendant and Donovan, multiple potential witnesses have advised of being fearful.[1] Both the Defendant and Donovan have already spent a considerable amount of their lives in prison.

In the instant case, the government has provided thousands of pages of discovery. Due to safety considerations, the names of witnesses have been redacted.

## II. ARGUMENT

Pursuant to this Court's Amended Case Management Order, the government is required to disclose the identities of informants to counsel on April 13, 2020. (ECF No. 117). Furthermore, the government is required to provide a witness list on April 20, 2020. (ECF No. 117). The government fully intends to comply with this Court's order.

Here, Defendant moves the Court to order the Government to disclose the names of the cooperating witnesses in this case. (ECF 130). Due to safety considerations, the government opposes such motion.

A defendant is not entitled to a list of government witnesses prior to trial. *United*

---

[1] It should be noted that on January 17, 2019, Donovan's brother (George Cloud) was convicted of First Degree Murder in which he murdered a female within the boundaries of the Yakama Nation due to his belief that she had cooperated with law enforcement. 1:17-CR-2053-SAB-1.

*Response to Defendant's Motion*
*For Unredacted Discovery* - 3

*States v. Glass*, 421 F.2d 832, 833 (9th Cir. 1969); sell also *United States v. Sukumolachav*, 610 F.2d 685, 688 (9th Cir. 1980). A district court has discretion to grant or deny a defendant's request for the names of witnesses the government intends to call at trial where the disclosure of that information may endanger the witnesses. *United States v. Clardy*, 540 F.2d 439, 442 (9th Cir. 1976). No statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case. 18 U.S.C. 3500(a).

      The government recognizes that pursuant to Local Rule 16, this court encourages early disclosure by the government of such statements. In the instant case, the government has provided virtually all known reports which have been prepared in connection with this case. Here, the Defendant and Donovan have been charged with multiple violent offenses, including kidnapping a child at gunpoint. Due to safety considerations, the government has redacted the names of the witnesses and replaced the name(s) with "witness 1", "witness 2," etc. Here, the government has a very real concern regarding the safety of potential witnesses. Therefore, the government objects to the Defendant's request for unredacted discovery.

DATED: January 31, 2020        WILLIAM D. HYSLOP
                                            United States Attorney

                                 By:  /s/ Thomas J. Hanlon
                                          THOMAS J. HANLON
                                          Assistant U.S. Attorney

                                            /s/ Richard C. Burson
                                          RICHARD C. BURSON
                                          Assistant U.S. Attorney

I hereby certify that on January 31, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following: Lorinda Meier Youngcourt, John Barto McEntire, IV., Jeremy B. Sporn, and Richard A. Smith.

                                     /s/Thomas J. Hanlon
                                     THOMAS J. HANLON
                                     Assistant U.S. Attorney

*Response to Defendant's Motion*
*For Unredacted Discovery* - 5