

John B. McEntire, IV
*Senior Litigator*
10 North Post Street, Suite 700
Spokane, Washington 99201
509.624.7606
Attorney for James D. Cloud

United States District Court
Eastern District of Washington
Honorable Salvador Mendoza, Jr.

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>     v.<br><br>James Dean Cloud,<br><br>                    Defendant. | No. 1:19-CR-2032-SMJ-1<br><br>Bench Brief Re: evidentiary rules at upcoming hearing |

At the upcoming pretrial evidentiary hearing, James Cloud intends to offer testimony from Chris Reyes,[1] an investigator with the Federal Defenders, about his August 7, 2020 interview with Lindell LaFollette. Although Mr. Reyes's testimony will touch on hearsay testimony, that's perfectly acceptable. Here's why:

Federal Rule of Evidence 104(a) directs district courts to conduct pretrial hearing to determine whether certain evidence is admissible. *See* Fed. R. Evid. 104(a) (2020) ("The court must decide any preliminary questions about whether a witness is qualified, a privilege exists, ***or evidence is admissible***.") (emphasis added). This directive extends to weighing whether a witness's identification of the accused is admissible—particularly where evidence exists indicating that the identification was tainted through improper procedures. *See*, *e.g.*, Weinstein's Federal Evidence §104.17 (2020) ("Under Rule 104(a), the trial judge is responsible for the determination of the adequacy of the line-up procedures and any other mechanism for identification."); *see also Gilbert v. Cal.*, 388 U.S. 263, 272 (1967) ("The admission of the in-court identifications without first determining that they were not tainted by the illegal lineup but were of independent origin was constitutional error.").

---

[1] Cole Rojan, another investigator with the Federal Defenders, was also present for the interview with Mr. LaFollette, and will also be available to testify should the need arise.

Bench Brief Re: FREs
– 1 –

When conducting Rule 104(a) preliminary hearings, the Federal Rules of Evidence make clear—in two places—that evidentiary rules (including hearsay) don't apply. *See* Fed. R. Evid. 104(a) (when deciding preliminary questions on whether evidence is admissible, "the court is not bound by evidence rules, except those on privilege."); *see also* Fed. R. Evid. 1101(d) ("These rules—except for those on privilege—do not apply to the following: 1) the court's determination, under Rule 104(a), on a preliminary question of fact governing admissibility. . . .").

Dated: September 21, 2020

Federal Defenders of Eastern Washington & Idaho
s/ John B. McEntire, IV
John B. McEntire, IV, WSBA #39469
10 North Post Street, Suite 700
Spokane, Washington 99201
509.624.7606
jay_mcentire@fd.org

**Service Certificate**

I certify that on September 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Thomas J. Hanlon and Richard Burson.

<u>s/ John B. McEntire IV</u>
John B. McEntire, IV, WSBA #39469
10 North Post Street, Suite 700
Spokane, Washington 99201
509.624.7606
jay_mcentire@fd.org