William D. Hyslop
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
Richard Burson
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JAMES DEAN CLOUD;<br>DONOVAN QUINN CARTER CLOUD<br><br>　　　　　Defendant. | 1:19-CR-02032-SMJ<br><br>United States Motion For Protective Order<br><br>September 23, 2020, at 6:00 p.m.<br>Without Oral Argument |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, Thomas J. Hanlon, Assistant United States Attorney for the Eastern District of Washington, and Richard Burson, Assistant United States Attorney for the Eastern District of Washington, hereby submits the following Motion for Protective Order.

Gov't Motion for Protective Order　　　1

## I. INTRODUCTION

The Defendants stand charged with carjacking, kidnapping, brandishing a firearm during a crime of violence, and, in the case of James Cloud, first degree murder and assault with a deadly weapon. The details of the crimes for which they have been charged are detailed in prior motions, and need no elaboration here. ECF No. 153.

Defendant James Cloud filed a motion to suppress his identification by a victim, E.Z., on August 27, 2020. ECF No. 186. On September 11, 2020, the government responded. ECF No. 192. On September 29, 2020, this Court will hold a hearing on the motion to suppress E.Z.'s identification of the Defendant. The government intends on calling Yakima County Sherriff's Office ("YSCO") employee M.W. as a witness.

During preparation for the September 29, 2020 hearing, the undersigned became aware of potentially discoverable information involving M.W. The YSCO record of the potentially discoverable information was attached as a sealed exhibit to the United States' motion regarding the disclosure of the material. ECF No. 198-1.

On September 23, 2020, this Court denied the government's motion seeking an order deeming the information non-discoverable. ECF No. 206. The government now merely asks this court to issue a protective order ensuring Defendant's proper and limited use of the information.

Gov't Motion for Protective Order                2

## II.  ARGUMENT

The government is required to disclose certain information regarding potential government witnesses that may be material to a defendant's case. *See generally Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991). Pursuant to the Court's order, the government intends to disclose certain information contained in M.W.'s YSCO personnel file (M.W. Personnel File). The government hereby requests, prior to its disclosure of said materials to the defense, a Protective Order of those materials from further disclosure beyond that of the defense team and its limited use at trial for purposes of impeachment. Besides its use at trial and pretrial hearings for purposes of impeachment, contents of the M.W. Personnel File may be subject to protection under the Privacy Act of 1974. 5 U.S.C. § 552a(b), 5 C.F.R. § 293.201. Moreover, M.W. has a significant privacy interest in preventing further dissemination of her personnel file contents. *See Hunt v. F.B.I*, 972 F.2d 286, 288 (9th Cir. 1992) ("A government employee generally has a privacy interest in any file that reports on an investigation that could lead to the employee's discipline or censure. [Government employees] have a legitimate interest in keeping private matters that could conceivably subject them to annoyance or harassment.").

The government requests a Protective Order to ensure Defendants' proper and limited use of information contained in the M.W. Personnel File. The Protective Order, if issued by this Court, would allow defense counsel to possess the materials, show

Gov't Motion for Protective Order            3

the materials to the Defendant, and discuss the contents of the materials with the Defendant. However, the Protective Order would restrict defense counsel from providing original or copies of the M.W. Personnel File materials to the Defendant.

Specifically, the United States respectfully requests that the Court issue a Protective Order relative to the dissemination of any contents of the M.W. Personnel File disclosed in discovery that sets forth the following:

1. The United States will provide Henthorn materials to defense counsel;

2. Defense counsel may possess but not copy the Henthorn materials;

3. Defense counsel may show to, and discuss with the Defendant the Henthorn materials;

4. Defense counsel shall not provide original or copies of Henthorn materials directly to the Defendant;

5. Defense counsel shall not otherwise provide original or copies of the Henthorn material to any other person, including subsequently appointed or retained defense counsel, but excluding any staff of defense counsel or investigator and/or expert engaged by defense counsel, who will also be bound by the terms and conditions of the Protective Order;

6. The United States, defense counsel, and witnesses may reference the existence and content of the Henthorn materials in open and closed court proceedings relevant to Superseding Indictment in case 1:19-CR-02032-SMJ; provided, however,

Gov't Motion for Protective Order    4

any reference to the content of any materials from the Henthorn materials shall be filed under seal.

DATED: September 23, 2020

William D. Hyslop
United States Attorney

*s/ Thomas J. Hanlon*____
Thomas J. Hanlon
Assistant United States Attorney

*s/ Richard Burson*____
Richard Burson
Assistant United States Attorney

I hereby certify that on September 23, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Lorinda Youngcourt, Esq.; John B. McEntire, IV, Esq.; Jeremy B. Sporn, Esq.; Richard Smith, Esq.; Mark Larrañaga, Esq.

*s/ Richard Burson*____
Richard Burson
Assistant United States Attorney