UNCLASSIFIED//LES
(U) Procedures for Eyewitness Identification of Suspects Policy Implementation Guide

# (U) Procedures for Eyewitness Identification of Suspects Policy Implementation Guide



**(U) Federal Bureau of Investigation**
**(U) Office of the General Counsel (OGC)**
**(U) 0646PG**
**(U) November 26, 2013**

DEFENDANT'S EXHIBIT
1011

UNCLASSIFIED//LES
(U) Procedures for Eyewitness Identification of Suspects Policy Implementation Guide

name and address must not be revealed to the defense lawyer without the consent of the witness.

### 3.7.6.    (U) Live Line-ups Conducted by Local Authorities

(U) In some instances, it may be necessary to use local facilities and personnel to conduct a live line-up. In that event, efforts should be taken to ensure that the procedures used by the local authorities substantially conform to the procedures outlined in this policy guide.

### 3.7.7.    (U) Refusal to Participate

(U) A suspect in custody who does not have a Sixth Amendment right to counsel (see section 3.7.4.) has no right to refuse to participate in a live line-up. If a suspect refuses to participate or refuses to perform acts required in the line-up, he or she must be informed that he or she has no right to refuse. The defendant may be informed that evidence of his refusal might be used against him or her at trial. If the suspect continues to refuse, investigators should consider asking the AUSA to obtain a court order to compel participation or foregoing a live line-up and instead employing photographic identification procedures.

### 3.7.8.    (U) Detention of Suspects for Live Line-ups

(U) When there is no probable cause to arrest or when an arrest is not desirable, there are two ways to compel the suspect to appear in a live line-up:

- (U) Court order: Upon approval of the AUSA, an order may be sought to compel the suspect to appear at a designated place and time for a live line-up. An affidavit supporting such a motion must contain facts establishing that a federal offense has been committed, that there is reason to suspect that the person named or described in the affidavit committed the offense, and that the results of the live line-up will materially assist the government in determining whether the person compelled to participate in the line-up committed the offense.

- (U) Grand jury subpoena: The AUSA may issue a federal grand jury subpoena directing the suspect to appear at a live line-up at a designated time and place.

### 3.8.    (U) Photographic Line-ups (Photographic Arrays)

(U) Photographic line-ups must be conducted to promote the reliability, fairness, and objectivity of the witness' identification. When deciding whether to conduct a photographic lineup, the investigator must consider whether the witness has provided a description of a suspect and must document the description provided. See subsection 3.1.3. The investigator (or administering agent if not the lead investigator) must conduct the photographic line-up in a nonsuggestive manner conducive to obtaining accurate identification or nonidentification results based on the witness' memory, while minimizing the effect of outside influences. The investigator must comply with the procedures discussed below. The primary objectives of these procedures are to minimize suggestiveness by ensuring that nothing is done or said by the FBI to distinguish the suspect's photograph from other photographs in the line-up and to ensure reliability of any identification.

DEFENDANT'S EXHIBIT
1011-2

UNCLASSIFIED//LES

(U) Procedures for Eyewitness Identification of Suspects Policy Implementation Guide

### 3.8.1.     (U) Sequential Administration of Photographic Line-ups

(U) Unless investigative needs dictate otherwise, all FBI photographic line-ups must be conducted in a sequential manner. A sequential photographic line-up is one in which photos are presented to the witness one at a time as opposed to simultaneously.

### 3.8.2.     (U) Composing a Photographic Line-up

(U) When composing a photographic line-up, the investigator should:

- (U) Include only one suspect in each photographic line-up and not present the suspect as the first person to be viewed.

- (U) If multiple photos of the suspect are available, the case agent should select the photograph that most resembles the description of the suspect given by witnesses.

- (U) Include a minimum of five fillers (for a total of six photographs) per photographic line-up identification procedure. There must be a reasonable attempt to use photographs of other persons who resemble the suspect. The photo print itself should not be dissimilar to other prints.  If the witness provides a limited or inadequate description of the perpetrator or if the description of the perpetrator differs significantly from the appearance of the suspect in the photographic line-up, the fillers must resemble the suspect in his or her significant features.

- (U) When considering unique or unusual features (e.g., scars, tattoos), create a consistent appearance between the suspect and fillers by artificially adding or concealing that particular feature(s).

- (U) Attempt to locate and utilize photographs which do not indicate the persons depicted have engaged in criminal misconduct. Where feasible, photographs without number boards or other indications of criminality should be used. If a mug shot is the only photograph of the suspect that is available, the number board must be covered or masked and similar masking must be used for all filler photographs.

- (U) Ensure that no writings or information concerning previous arrest(s) will be visible to the witness.

- (U) When showing a new suspect, fillers from prior photographic line-ups shown to the same witness may not be reused.

### 3.8.3.     (U) Instructing the Witness Prior to Viewing a Photographic Line-up

(U) Before presenting the photographic line-up, the investigator should provide the witness the following instructions. These instructions are designed to facilitate an accurate identification and to ensure that the witness understands that the purpose of the procedure is to exculpate the innocent as well as to identify the guilty.

- (U) The witness will be asked to view a series of photographs.

DEFENDANT'S EXHIBIT
1011-3

UNCLASSIFIED//LES

(U) Procedures for Eyewitness Identification of Suspects Policy Implementation Guide

- (U) It is just as important to clear innocent persons from suspicion as it is to identify guilty persons.
- (U) Individuals depicted in the photographs may not appear exactly as they did on the date of the incident because features such as head and facial hair are subject to change.
- (U) A photograph of the person who committed the crime may or may not be among the photographs being presented.
- (U) If the witness sees a photograph of the perpetrator, tell the investigator. The investigator will continue showing the witness the remaining pictures. If the witness sees a subsequent picture that makes the witness reconsider a prior identification, tell the investigator. After the witness has seen all the photographs, if the witness wants to see one or more photographs again, the investigator will show them again.
- (U) Whether or not the witness identifies a photograph as the perpetrator, law enforcement will continue to investigate the incident.
- (U) The witness need not pick anyone or be certain if he or she does pick someone. If the witness make an identification, the investigator will ask how certain the witness is of the identification.

**3.8.4.    (U) Sequential Photographic Line-up Identification Procedures**

(U) The display of photographs must not be impermissibly suggestive. Therefore, when presenting a sequential photographic line-up, the investigator should:

- (U) Provide the instructions to the witness as outlined in subsection 3.8.1.3., "Instructing the Witness Prior to Viewing a Photographic Line-up."
- (U) Confirm that the witness understands how the photographic line-up will be conducted.
- (U) Do not advise the witness how many photographs he or she will be asked to view.
- (U) Present each photo to the witness separately in the order determined in step one. After the witness has viewed a photograph, remove it from view before presenting the next photograph.
- (U) If the witness identifies a photograph, continue to show the witness the remaining photographs at the same pace as the other photographs. If, after seeing all of the photographs, the witness wishes to see again a particular photograph, show that photograph with other photographs out of view.
- (U) Record any identification results and the witness' statement of certainty as described in subsection 3.8.1.5., "Recording Identification Results."
- (U) Document in writing the photographic line-up procedures, including:
    - (U) Identification information and sources of all photos used.

DEFENDANT'S EXHIBIT
1011-4

UNCLASSIFIED//LES
(U) Procedures for Eyewitness Identification of Suspects Policy Implementation Guide

- o (U) The order in which the photographs were shown to the witness and whether any photograph was shown to the witness more than once (and if so, indicated which photos).
- o (U) Names of all persons present at the photographic line-up.
- o (U) Date, time, and place of the photographic line-up identification procedure.

- (U) Ask that the witness not discuss the photographic line-up identification procedure, or its results, with any other witness involved in the case and request the witness not have contact with the media.
- (U) Multiple witnesses must not view the photographic lineup together and the investigator must request that the witnesses avoid discussing details of the incident with other potential witnesses.
- (U) In the event of a positive identification during the photographic line-up, the witness should be asked to provide and sign a statement articulating the reasons he or she identified the person.

**3.9.  (U) Recording Identification Results**

(U) The investigator must preserve the outcome of the photographic line-up by accurately and completely recording any identification or nonidentification results obtained from the witness. A complete record of the procedure can be a critical document in the investigation and in subsequent court proceedings.

(U) As noted in section 3.8.1.4.(6), the investigator must prepare a FD-302 reflecting how and where the photographic line-up was held. The report must also include the names of all photographic line-up participants. Other investigators assisting in the line-up must prepare reports describing their roles in the line-up. In documenting the line-up, the investigator must:

- (U) Ensure that no materials indicating previous identification results can be seen by the witness.
- (U) Record both identification and nonidentification results in writing, including the witness' statement regarding his or her degree of certainty.
- (U) Ensure results are signed and dated by the witness.
- (U) Ensure that the witness does not write on or mark any materials that will be used in other identification procedures.

(U) Documentation must be created or imported into the case file in the central recordkeeping system and any other authorized and subsequent recordkeeping system.

**3.10.  (U) Retention of Photographs**

(U) All photographs shown to witnesses for the purpose of identifying the suspect, whether or not an identification was made, must be specifically identified and remain under the control of the field office or made recoverable so that they can be produced if

DEFENDANT'S EXHIBIT
**1011-5**

**UNCLASSIFIED//LES**

(U) Procedures for Eyewitness Identification of Suspects Policy Implementation Guide

necessary. The photographs must be imported into the case file in an 1A envelope and a physical copy must be maintained in an 1A envelope in a paper case file. In addition, the presentation order of the photographic line-up must be recorded and preserved.

### 3.11.    (U) Right to Counsel

(U) A suspect does not have the right to have his or her attorney present at a photographic line-up, whether the line-up is before or after arrest or the filing of a formal charge by an indictment or information.

DEFENDANT'S EXHIBIT
**1011-6**