UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>                                          Plaintiff,<br>-vs-<br>JAMES DEAN CLOUD (01); and<br>DONOVAN QUINN CARTER CLOUD (02),<br><br>                                          Defendants. | Case No.    1:19-CR-02032-SMJ-1, 2<br>CRIMINAL MINUTES<br><br>DATE:    OCTOBER 30, 2020<br>LOCATION:    YAKIMA<br><br>STATUS CONFERENCE |
|---|---|

| **Hon. Salvador Mendoza, Jr.** | | |
|---|---|---|
| Nicole Cruz | 01 | Kimberly Allen |
| **Courtroom Deputy** | **Law Clerk** | **Court Reporter** |
| Richard Burson<br>Thomas Hanlon | John McEntire for James Cloud<br>Lorinda Youngcourt for James Cloud<br>Jeremy Sporn for James Cloud<br>Richard Smith for Donovan Cloud<br>Mark Larranaga for Donovan Cloud | |
| **Government Counsel** | **Defense Counsel** | |

**[X] Open Court**          **[ ] Chambers**          **[ ] Teleconference**

Defendants James Dean Cloud and Donovan Quinn Carter Cloud present and in custody of the U.S. Marshal with appointed counsel.

Court addressed discovery issues to be discussed.

Ms. Youngcourt presented argument in support of discovery issues addressed in her filing regarding late discovery received and redaction of witness names. Ms. Youngcourt made an oral motion that discovery be provided unredacted and that a protective order be entered, if necessary. Additionally, there are missing FBI 302 reports and Ms. Youngcourt requested the Government provide those.

Mr. Larranaga indicated he is in agreement with Ms. Youngcourt regarding discovery with redactions and joins in the oral motion for unredacted discovery.

Mr. Hanlon argued discovery was provided regarding witnesses and provided dates they were disclosed. Court questioned when discovery was produced and provided to the defense. Mr. Hanlon stated dates when discovery was provided, that the redacted information is out of concern to protect the witnesses.

**[X]  ORDER FORTHCOMING**

| **CONVENED:  9:02 A.M.** | **ADJOURNED: 10:02 A.M.** | **TIME: 1:00 HR.** | **CALENDARED    [X]** |
|---|---|---|---|

*USA -vs- Cloud, et al.*                                                          October 30, 2020
1:19-CR-02032-SMJ-1,2                                              Page 2
Evidentiary Motion Hearing

Mr. Larranaga addressed if a protective order were to issue to allow the redacted information and witness names, could it be shared with client.

Ms. Youngcourt presented additional argument.
Mr. Hanlon presented additional argument

Court ruled on discovery. Defense is ordered to keep track of their additional hours and work with regards to the particular report. If there is a hearing on this matter, the Government will be ordered to pay those fees and costs.

Court GRANTS defense motion to release unredacted copies of discovery to the defense. Parties are ordered to confer and present an agreed proposed protective order and list any disagreement and Court will resolve.

Court will take under advisement the release of witness names to Defendants.

Court as to undisclosed reports, parties are to discuss and update the court if not resolved and advises all discovery to be produced.

Court will hear from counsel regarding trial

Ms. Youngcourt addressed her concern regarding the grand jury transcript received a day or two before the hearing on the eyewitness identification and a filing of a superseding indictment before trial and will need to request a continuance.

Mr. Hanlon: stated a superseding indictment will be sought and noted there was no grand jury sessions in Yakima since March.

Court: given current pandemic, not able to get a grand jury.

Colloquy between court and counsel as to number of jurors to be called, summons and grand jury.

Court will set a Pretrial Conference for 11/24/2020 at 1:30 p.m. for continued discussion on trial matters.