William D. Hyslop
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant U.S. Attorney
Richard C. Burson
Assistant United States Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 1:19-CR-02032-SMJ |
| Plaintiff, | MOTION FOR DISCOVERY PROTECTIVE ORDER |
| v. | |
| JAMES DEAN CLOUD and DONOVAN QUINN CARTER CLOUD, | Note for Hearing November 6, 2020 at 6:30 p.m. Without Oral Argument |
| Defendants. | |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Thomas J. Hanlon and Richard C. Burson, Assistant United States Attorneys, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, moves for a Protective Order for appropriate protections against dissemination of the discovery materials, and the sensitive information contained therein, disclosed in the above-captioned matter.

Pursuant to this Court's order, the parties were ordered to confer and provide the Court with an agreed proposed protection order. ECF No. 230. Counsel for the above-referenced defendants, specifically Lorinda Meyer Youngcourt, and and Mark A. Larranaga (hereinafter "Defense Counsel"), have conferred and are unable to agree upon an agreed proposed order.

Here, the main dispute is in regards to the timing in which the protected information may be shared with the defendants. Here, defense counsel seeks to share the completely unredacted discovery with their clients upon receipt. The United States seeks

an order prohibiting the sharing of such information with the defendants until two weeks prior to trial.

The information addressed by this motion involves sensitive personal information and identifiers contained in the discovery in this case. Such information (hereinafter "Protected Information") may include, for example, names of alleged victims, names of potential witnesses, social security numbers, driver's license and identification information, dates of birth, addresses, phone numbers, e-mail addresses, photographs, e-mail addresses, and additional sensitive personal. The protections sought by the United States will not impede the defendants' ability to prepare a defense, but merely will protect against the improper dissemination and use of the sensitive information.

## **INTRODUCTION & RELIEF SOUGHT**

The charges in this case allege, among other things, carjacking, brandishing of a firearm during a crime of violence, kidnapping, assault with a dangerous weapon, and murder. The United States has already produced or made available for inspection over 12,000 pages of discovery related to this case.

Defense Counsel has advised the United States that they are unable to adequately prepare a defense without having a complete unredacted copy of the discovery. The United States has relayed to defense counsel serious concerns regarding the safety of alleged victims and potential witnesses if the defendants were to have access to an unredacted copy of the discovery.

To protect the Protected Information and to provide full discovery disclosures to the defendants as expeditiously as possible, the United States proposes that the following restrictions be placed on that information:

1. Defense Counsel shall not share or provide any discovery items produced by the United States in this case with anyone other than designated Defense Counsel, defense investigators, retained expert witnesses, and support staff. Defense Counsel may permit their respective defendants to view unredacted discovery items in the presence of Defense Counsel, defense investigators, and support staff no sooner than two weeks prior to trial.

Defense Counsel personally, or through Defense Counsel's investigators and support staff, may show unredacted discovery items to witnesses in regard to events about which a witness may have personal knowledge. Defense Counsel and their investigators and support staff shall not allow their respective defendants or witnesses to copy Protected Information contained in the discovery.

2. The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States. At the conclusion of the case, Defense Counsel will return the discovery to the United States or will certify that it has been shredded. If the assigned Defense Counsel is relieved or substituted from the case, Defense Counsel will return the discovery to the United States or certify that it has been shredded.

3. Defense Counsel shall store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons contrary to the Protective Order.

4. Defense Counsel shall be responsible for advising their respective defendants, employees, witnesses, and other members of the defense team of the contents of the Protective Order.

5. The Protective Order shall also apply to any new Defense Counsel that may later become counsel of record in this case.

## ANALYSIS & MEMORANDUM OF LAW

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). In fact, Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions. Fed. R. Crim. Proc. 16(d)(1); *see also United States v. El-Mezain*, 664 F.3d 467, 519 (5th Cir. 2011). The United States does not seek to delay, deny, or restrict the disclosure of information required by the Federal Rules of Criminal Procedure. Instead, the United States only seeks to facilitate discovery disclosure, while protecting against the improper

disclosure or use of any Protected Information.  The attached proposed Protective Order would have no effect on defendants' ability to prepare a defense and would properly protect sensitive personal information and identifiers of alleged victims, potential witnesses, and third parties.

"Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986).  It is entirely appropriate for any protective order to strictly advise the parties that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose.  *See United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case").

### **PROPOSED ORDER**

The United States hereby seeks a hearing on the instant motion and proposed protective order without oral argument.  The United States has attached a proposed protective order.

WHEREFORE the United States moves that this Court issue the proposed Protective Order.

DATED:  November 6, 2020            Respectfully submitted,
                                    William D. Hyslop
                                    United States Attorney

                             By:    /s/ Thomas J. Hanlon
                                    THOMAS J. HANLON
                                    Assistant U.S. Attorney

I hereby certify that on November 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following attorneys of record in this case.

                                      /s/ Thomas J. Hanlon
                                      THOMAS J. HANLON
                                      Assistant U.S. Attorney