UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br><br>JAMES DEAN CLOUD,<br><br>　　　　Defendant. | No. 1:19-CR-02032-SMJ-1<br><br>ORDER FOLLOWING ARRAIGNMENT ON THIRD SUPERSEDING INDICTMENT; GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION TO ENTER DUE PROCESS PROTECTION ORDER; GRANTING DEFENDANT'S MOTION TO EXPEDITE<br><br>**ECF Nos. 248, 249** |

On Monday, November 23, 2020, Defendant was arraigned on the Third Superseding Indictment (ECF No. 242). The Court heard oral argument on Defendant's Motion to Enter Due Process Protection Act Order (ECF No. 248). Defendant appeared in person represented by Lorinda Youngcourt, Jay McEntire, and Jeremy Sporn. Assistant United States Attorney Thomas Hanlon represented the United States.

ORDER FOLLOWING ARRAIGNMENT ON SUPERSEDING INDICTMENT - 1

Defendant was advised of, and acknowledged Defendant's rights.

Defendant pled not guilty.

The Court appointed counsel to represent Defendant (ECF Nos. 25) and addressed detention (ECF No. 14) in previous orders.

Defendant is bound over to Judge Salvador Mendoza, Jr. for further proceedings.

The Court directs the parties to review the Local Criminal Rules governing discovery and other issues in this case. http://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders.

The Court grants in part, and denies in part, Defendant's Renewed Motion to Enter Due Process Protection Order (**ECF No. 248**), and **grants** Defendant's Motion to Expedite (**ECF No. 249**). Defendant proposes the Court enter an order pursuant to Federal Rule of Criminal Procedure 5(f) containing alternative language drafted by counsel. ECF No. 248 at 11-14. The Government does not oppose Defendant's request the Court give a Rule 5(f) instruction, but does not find the proposed alternative instruction warranted in this matter. At this time, the Court declines to utilize the language proposed by Defendant as it has not been approved by the assigned District Judge or the judges of this District.

As required by Fed. R. Crim. P. 5(f), the United States is ordered to produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland*, 373 U.S.

83 (1963), and its progeny.  Failing to do so in a timely manner may result in sanctions, including exclusion of evidence or witnesses, adverse jury instructions, dismissal of charges, and contempt proceedings.

DATED November 25, 2020

<u>s/*Mary K. Dimke*</u><br>
MARY K. DIMKE<br>
UNITED STATES MAGISTRATE JUDGE