FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 15, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DEAN CLOUD (01) and DONOVAN QUINN CARTER CLOUD (02),<br><br>Defendants. | No.   1:19-cr-02032-SMJ-1<br>         1:19-cr-02032-SMJ-2<br><br>**ORDER GRANTING DEFENDANT DONOVAN QUINN CARTER CLOUD'S (02) MOTION TO CONTINUE**<br><br>**AMENDED[1] CASE MANAGEMENT ORDER** |

Before the Court, without oral argument, is Defendant Donovan Quinn Carter Cloud (02)'s Motion to Continue Trial, ECF No. 274. Defendant James Dean Cloud moved to join, ECF No. 279, which this court granted, ECF No. 283. Defense counsel Richard A. Smith and Mark A. Larranga request a continuance of the pretrial motions filing deadline, the pretrial conference, and the trial, to allow more time to examine discovery, prepare any related motions, and prepare for trial. Additionally, defense counsel indicate additional time is needed given the disruptions caused by the ongoing Coronavirus Disease 2019 (COVID-19) pandemic. ECF No. 274. Defendant Cloud (02) supports counsel's request for a

---

[1] This Order amends and supersedes in part the Court's original Case Management Orders, ECF Nos. 31, 45.

AMENDED CASE MANAGEMENT ORDER – 1

1  trial continuance for the articulated reasons. ECF No. 288. Defendant Cloud (01)
2  orally agreed to the continuance, but counsel has been unable to contact him to
3  obtain a statement of reasons in support due to communication restrictions
4  stemming from the pandemic. Tr. (Dec. 15, 2020); ECF No. 287, 290, 291 & 293.
5  To date, the Court has not received Defendant Cloud (01)'s statement of reasons
6  in support, but because trial is set for next week, the Court will move forward with
7  granting the continuance as previously agreed. Tr. (Dec. 15, 2020). Assistant U.S.
8  Attorney Richard C. Burson and Thomas J. Hanlon, appearing on behalf of the
9  Government, do not oppose the request. Tr. (Dec. 15, 2020).
10     A Third Superseding Indictment was filed against Defendants (01) and (02)
11  on November 17, 2020. ECF No. 242. Defense counsel Richard A. Smith
12  appeared for Defendant Cloud (02) on February 13, 2020. ECF No. 142. Lorinda
13  M. Youngcourt and Jeremy B. Sporn appeared for Defendant Cloud (01) on
14  February 12, 2020. ECF No. 140. This is Defendant Cloud's (02) third request for
15  a continuance. This is the fourth overall request for a continuance in this matter.
16     To ensure defense counsel is afforded adequate time to review discovery,
17  prepare any pretrial motions, conduct investigation, and prepare for trial, the Court
18  grants the motion, extends the pretrial motion deadline, and resets the currently-
19  scheduled pretrial conference and trial dates. The Court finds that Defendants'
20  continuance request is knowing, intelligent, and voluntary, and that the ends of

AMENDED CASE MANAGEMENT ORDER – 2

justice served by granting a continuance outweigh the best interest of the public and Defendants in a speedy trial. The delay resulting from Defendants' motion is therefore excluded under the Speedy Trial Act.

Counsel are advised that successive continuance requests will be closely scrutinized for the necessity of more time to effectively prepare, taking into account the exercise of due diligence. Furthermore, to ensure this matter is resolved in an expeditious manner, and given the length of the continuance now granted, the Court considers it appropriate to schedule intermediate status conferences. At these conferences the parties should appear and be prepared to discuss the status of the case, trial preparation, anticipated motions, and any other matter that may affect trial readiness.

Having considered the parties' proposed case schedule and deadlines, the Court now enters the following Amended Case Management Order, which sets forth the deadlines, hearings, and requirements the parties will observe in this matter. To the extent this Order conflicts with any previously entered Orders in this matter, this Order shall govern. All counsel are expected to carefully read and abide by this Order and such provisions of the current CMO which have not been superseded hereby. The Court will grant relief from the requirements in this Order only upon motion and good cause shown.

Accordingly, **IT IS HEREBY ORDERED**:

AMENDED CASE MANAGEMENT ORDER – 3

1. **1.** Defendants Clouds' (01) & (02) Motion to Continue Trial, **ECF No. 274**, is **GRANTED**.

2. **2.** The Court finds, given defense counsel's need for time to review discovery, prepare any pretrial motions, conduct investigation, and prepare for trial, that failing to grant a continuance would result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court, therefore, finds the ends of justice served by granting a continuance in this matter outweigh the best interest of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

3. **3.** **Original CMO.** <u>Counsel must review the provisions of the original June 18, 2019 CMO, ECF No. 31, and July 8, 2019 CMO, ECF No. 45, and abide by those procedures which remain in full force and effect and are incorporated herein except for the new compliance deadlines in the following Summary of Amended Deadlines</u>.

4. **4.** **Pretrial Conference**

   *A.* A pretrial conference in this matter is **SET** for **January 25, 2022** at **9:00 A.M.** in **YAKIMA**. At this hearing, the Court will hear **ALL** pretrial motions that are noted for oral

AMENDED CASE MANAGEMENT ORDER – 4

argument.

  **B.** All Pretrial Conferences are scheduled to last no more than **thirty (30) minutes**, with each side allotted **fifteen (15) minutes** to present their own motions and resist motions by opposing counsel. If any party anticipates requiring longer than fifteen minutes, that party must notify the Courtroom Deputy at least seven (7) days prior to the hearing. <u>**Any party who fails to provide this notice will be limited to fifteen (15) minutes.**</u>

5. **Trial**. The current trial date of January 19, 2021 is **STRICKEN** and **RESET** to **February 28, 2022**, at **9:00 A.M.** in **YAKIMA**. The <u>**final**</u> pretrial conference will begin at **8:30 A.M.**

6. Pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv), the Court **DECLARES EXCLUDABLE from Speedy Trial Act calculations** the period from **December 8, 2020**, the date defense counsel moved to continue, through **February 28, 2022,** the new trial date, as the period of delay granted for adequate preparation by counsel.

//

//

//

AMENDED CASE MANAGEMENT ORDER – 5

### 7. Summary of Deadlines

| | |
|---|---|
| Status Conference:[2] | **May 18, 2021**<br>**10:00 A.M. - Yakima** |
| Status Conference: | **July 20, 2021**<br>**9:00 A.M. - Yakima** |
| Rule 16 expert summaries produced to other parties and email to Court:<br>    USAO's Experts:<br>    Defendant's Experts:<br>    USAO's Rebuttal Experts: | <br><br>**August 6, 2021**<br>**August 20, 2021**<br>**August 27, 2021** |
| Discovery Deadline | **October 1, 2021** |
| Status Conference: | **October 19, 2021**<br>**9:00 A.M. - Yakima** |
| Jury Questionnaire: Motion and Briefing Deadline | **October 25, 2021** |
| CIs' identities and willingness to be interviewed disclosed to Defendants (if applicable) | **December 3, 2021** |
| Grand jury transcripts produced to Defendants<br>    Case Agent:<br>    CIs:<br>    Other Witnesses: | <br>**December 3, 2021**<br>**December 3, 2021**<br>**December 3, 2021** |
| Government's FRE 404(b) Notice | **December 3, 2021** |
| Status Conference: | **December 21, 2021**<br>**9:00 A.M. - Yakima** |

---

[2] Generally, all motions set for oral argument shall be noted for a hearing at a status conference or pretrial conference provided in this summary of deadlines. Any motion set for oral argument shall be filed at least five-weeks prior to any status conference. Given the nature of this case, the responding party shall have two weeks to respond, and the moving party shall have one week to reply. Unless a party moves for the Court to hear a motion on an expedited basis, the Court shall require the parties to follow this briefing schedule for any motions set for oral argument.

AMENDED CASE MANAGEMENT ORDER – 6

| | |
|---|---|
| All pretrial motions, including discovery motions, *Daubert* motions, and motions *in limine*, filed-limited to legal issues, facts, evidence, and discovery obtained/disclosed after September 17, 2021 | **January 4, 2022** |
| Exhibit lists filed and emailed to the Court | **January 7, 2022** |
| Witness lists filed and emailed to the Court | **January 7, 2022** |
| Government's *Henthorn* Disclosure Deadline | **January 14, 2022** |
| **PRETRIAL CONFERENCE** Deadline for motions to continue trial | **January 25, 2022 9:00 A.M. - YAKIMA** |
| Trial briefs, jury instructions, verdict forms, and requested voir dire filed and emailed to the Court | **February 7, 2022** |
| Witness Names Provided to Defendants. *See* ECF No. 239. | **February 14, 2022** |
| Exhibit binders delivered to all parties and to the Court | **February 18, 2022** |
| Delivery of JERS-compatible digital evidence files to the Courtroom Deputy | **February 18, 2022** |
| Trial notices filed with the Court | **February 18, 2022** |
| Technology readiness meeting (in-person) | **February 22, 2022** |
| **JURY TRIAL** | **February 28, 2022 9:00 A.M. - YAKIMA** |

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 15th day of January 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

AMENDED CASE MANAGEMENT ORDER – 7