

John B. McEntire, IV
*Senior Litigator*
10 North Post Street, Suite 700
Spokane, Washington 99201
509.624.7606
Attorney for James D. Cloud

United States District Court
Eastern District of Washington
Honorable Salvador Mendoza, Jr.

| United States,              | No. 19-CR-2032-SMJ-1                      |
|-----------------------------|-------------------------------------------|
|     Plaintiff, | Motion to Exclude Priors Under Rule 609 |
|   v.              |                                           |
| James Dean Cloud,           | May 18, 2021 – 10:00 a.m.                 |
|     Defendant. | Yakima—With Argument                |

# Table of Contents

I. Introduction ........................................................................................................... 2

II. Discussion ............................................................................................................ 2

    A. Rule 609 sets a high hurdle for admitting dated convictions. ................... 2

    B. The Government cannot clear this hurdle for either prior. .................... 5

        1. These priors possess little impeachment value. ........................... 5

        2. These priors are old. ..................................................................... 7

        3. These priors resemble the current charges. ................................ 8

        4. Mr. Cloud's testimony is important. ............................................ 9

        5. Mr. Cloud's credibility is central to the case. ............................ 10

III. Conclusion ........................................................................................................ 11

## I.    Introduction

The Government seeks to impeach James Cloud with two dated prior convictions: the first is a 2008 conviction for attempting to elude; the second is a 2008 conviction for possessing a stolen motor vehicle.[1] Because the Government cannot clear Rule 609's high hurdle for admitting these dated priors, Mr. Cloud respectfully asks the Court to exclude them.

## II.    Discussion

**A.    Rule 609 sets a high hurdle for admitting dated convictions.**

Rule 609 generally allows a party to impeach a witness with a prior felony conviction. *See* Fed. R. Evid. 609(a) (2021). But when the witness is the accused, Rule 609's relatively-permissive approach tightens, with priors admitted only "if the probative value of the evidence [substantially][2] outweighs its prejudicial effect. . . ." Fed. R. Evid. 609(a)(1)(B). This tightened standard, which "leans heavily toward

---

[1] ECF No. 123 (Government's Rule 609 Notice).

[2] The law contains mixed messages on the proper standard. While Rule 609 states priors should be excluded unless "the probative value of the evidence outweighs its prejudicial effect," the Ninth Circuit states priors should be excluded unless "the probative value *substantially* outweighs its prejudicial effect." *U.S. v. Browne*, 829 F.2d 760, 763 (9th Cir. 1987) (emphasis added). The Ninth Circuit's standard doesn't appear to be a semantic slip, as it tracks the general consensus among circuits that, for an accused, Rule 609's standard functionally equates to an inverted Rule 403 analysis, which also uses the adverb "substantially." *See*, *e.g.*, *U.S. v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014) (noting Rule 609's "heightened balancing test" for an accused is "a reversal of the standard for admission under Rule 403."); *see also* Fed. R. Evid. 403 ("The court may exclude evidence if its probative value is *substantially* outweighed. . . .") (emphasis added).

exclusion,"[3] makes exceptions "only where the prosecution shows that the evidence makes a tangible contribution to the evaluation of credibility and that the usual high risk of unfair prejudice is not present." *U.S. v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014) (citing *Wright & Miller*, 28 Fed. Prac. & Proc. Evid. § 6132 at 217).

Rule 609's high hurdle for admitting priors against an accused makes sense. There are many dangers, including—

    1) a jury may resolve doubts against an accused "because the evidence of prior criminal behavior demonstrates that he is a 'bad man'";[4]

    2) it may induce the jury to lessen the Government's trial burden;[5]

    3) a jury may fixate "on the human tendency to draw a conclusion which is impermissible in law: because he did it before, he must have done it again";[6] and

    4) it "dilutes" an accused's Fifth Amendment right to testify, while also depriving the fact-finder of helpful information.[7]

---

[3] *Christmas v. Sanders*, 759 F.2d 1284, 1292 (7th Cir. 1985).

[4] *U.S. v. Garber*, 471 F.2d 212, 214 (5th Cir. 1972).

[5] *See U.S. v. Robinson*, 783 F.2d 64, 67 (7th Cir. 1986) ("There is a danger of prejudicing the presumption of innocence of that co-defendant by admission of evidence of his prior crimes. . . .").

[6] *U.S. v. Bagley*, 772 F.2d 482, 488 (9th Cir. 1985).

[7] *See U.S. v. Hairston*, 495 F.2d 1046, 1050 (D.C. Cir. 1974) ("When confronted with the fact that his testimony would enable the prosecution to introduce otherwise inadmissible evidence of his criminal past, a defendant frequently remains silent, even though his testimony might be highly relevant to the issue of guilt or innocence.").

This high hurdle gets even higher if the prior conviction is 10+ years old. *See* Fed. R. Evid. 609(b) (Limit on Using the Evidence After 10 Years). With dated priors, courts recognize Rule 609's legislative history "made it crystalline" they should be admitted "very rarely and only in exceptional circumstances." *U.S. v. Cavender*, 578 F.2d 528, 530 (4th Cir. 1978); *see also U.S. v. Sims*, 588 F.2d 1145, 1147 (6th Cir. 1978) ("The legislative history further demonstrates an intent that evidence of convictions more than ten years old should be admitted very rarely and only in exceptional circumstances."); *U.S. v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008) (noting "impeachment by a conviction falling outside [Rule 609's] ten-year time limit should be permitted only in rare and exceptional circumstances.").

When weighing whether these rare and exceptional circumstances exist, courts looks at five factors:

1) the prior's impeachment value;

2) the prior's age, as well as the accused's subsequent history;

3) similarity between the past crime and the charged crime;

4) the importance of the accused's testimony; and

5) the importance of the accused's credibility.

*See U.S. v. Cook*, 608 F.2d 1175, 1185 n.8 (9th Cir. 1979) (en banc), *overruled on other grounds in Luce v. U.S.*, 469 U.S. 38 (1984).

With this very high hurdle—and these factors—in mind, Mr. Cloud turns to the 13-year-old convictions the Government would like to share with the jury, ostensibly for challenging his character for truthfulness: 1) a 2008 conviction for attempting to elude; and 2) a 2008 conviction for possessing a stolen vehicle.[8] Because both convictions stem from the same incident, Mr. Cloud addresses them together.

**B.    The Government cannot clear this hurdle for either prior.**

Every factor cuts against the Government's efforts to admit these priors.

**1.    These priors possess little impeachment value.**

Mr. Cloud's 13-year-old priors possess little-to-no impeachment value. This factor weighs "how probative the prior conviction is to the witness's character for truthfulness." *Caldwell*, 760 F.3d at 286. When applying this factor, courts borrow principles from Rule 609(a)(2) (the test allowing courts to admit a prior regardless of punishment if it involves "a dishonest act or false statement")—that is, convictions that "do not, by their nature, imply a dishonest act" possess low impeachment value. *Id.* at 289 (finding a firearms prior possesses low impeachment value). Effectively, courts engage in an element-driven inquiry. See *U.S. v. Brackeen*, 969 F.2d 827, 831 (9th Cir. 1992) ("Congress intended Rule 609(a)(2) to apply only to those crimes that factually or by definition entail some element of misrepresentation or deceit, and not to

---

[8] *See U.S. v. Cloud*, 2:10-CR-2077-RMP – ECF No. 96, ¶92 (PSIR).

1  those crimes which, bad though they are, do not carry with them a tinge of
2  falsification.") (cleaned up).
3      Mr. Cloud's 13-year-old prior for eluding lacks an element of dishonesty or
4  falseness; it just requires him to willfully fail to stop his car for an officer and drive in a
5  reckless manner while doing so. *See* 11A Wash. Prac. Pattern Jury Instr. Crim. WPIC
6  94.02 (4th ed.) (Attempting to Elude).
7      Mr. Cloud's 13-year-old prior for possessing a stolen motor vehicle also lacks an
8  element of dishonesty or falseness; it just requires him to possess a vehicle he knew was
9  stolen and withhold it from the owner. *See* 11A Wash. Prac. Pattern Jury Instr. Crim.
10  WPIC 77.21 (4th ed.) (Possessing a Stolen Motor Vehicle).
11      So, using an element-driven inquiry, Mr. Cloud's 13-year-old priors "do not
12  carry with them a tinge of falsification" that would give them greater impeachment
13  value. *U.S. v. Foster*, 227 F.3d 1096, 1100 (9th Cir. 2000).
14      That outcome doesn't change simply because one of his priors contains the
15  word "stolen," as the Ninth Circuit cautions courts against jumping to such
16  conclusions. *See id.* ("Even if one knowingly receives stolen property, that transaction
17  is not the original act that deprived the rightful owner of his or her property and, in
18  many cases, it can be accomplished without any misrepresentation or deceit on the part
19  of either the giver or the receiver."). In doing so, the Ninth Circuit appreciates the
    "absence of respect for the property of others is an undesirable character trait," but

similarly recognizes "it is not an indicium of a propensity toward testimonial dishonesty." *Id.*

This distinction between "undesirable character traits" and "propensity toward testimonial dishonesty" long pre-dates the Federal Rules of Evidence and is grounded in intuition: "[i]n common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity. Acts of violence on the other hand, which may result from a short temper, a combative personality, extreme provocation, or other cases, generally have little or no direct bearing on honesty and veracity." *Gordon v. U.S.*, 383 F.2d 936, 940 (D.C. Cir. 1967) (then judge, soon-to-be Justice Burger).

Mr. Cloud's priors fall into this latter category—they are not, on their face, universally regarded as conduct which reflects adversely on honesty and integrity. They ring of impulsivity (especially recklessly fleeing from an officer) and, as such, their impeachment value is low. This factor cuts against admission.

**2.    These priors are old.**

Mr. Cloud's 13-year-old priors are old. This factor operates on a continuum: the older the prior, the greater the prejudice—until, as here, it crosses the 10-year threshold, and is only admissible in exceptional circumstances. *See U.S. v. Browne*, 829 F.2d 760, 763 (9th Cir. 1987) (observing the closer the prior is to the alleged conduct, the more "the time factor tips the balance in favor of admissibility").

1  Here, Mr. Cloud's priors are from 2008, which are unquestionably 10+ years old, as the ten-year time limit is "measured from the date of the conviction or release date to the date that the trial begins. . . ." *U.S. v. Watler*, 461 F.3d 1005, 1008 (8th Cir. 2006). Mr. Cloud's actual release from custody doesn't change anything—his PSIR reflects he started supervision on these offenses in 2010, which remains well over the 10-year threshold.[9]

Given these priors' age, this factor cuts against admission.

### 3. These priors resemble the current charges.

Mr. Cloud's 13-year-old priors resemble the current charges. This factor also operates on a continuum: "the balance tilts further toward exclusion as the offered impeachment evidence becomes more similar to the crime for which the defendant is being tried." *Caldwell*, 760 F.3d at 286. This continuum makes sense, as courts recognize "there is a substantial risk that all exculpatory evidence will be overwhelmed by a jury's fixation on the human tendency" to believe "because he did it before, he must have done it again." *U.S. v. Bagley*, 772 F.2d 482, 488 (9th Cir. 1985).

Here, Mr. Cloud's current charges turn on vehicle misconduct. Boiled down, the Government alleges the Clouds killed several people at a property in Medicine Valley, stole one of the victim's vehicles, and then carjacked another vehicle after the

---

[9] *See U.S. v. Cloud*, 2:10-CR-2077-RMP – ECF No. 96, ¶92 (PSIR).

first broke down. All-told, Mr. Cloud allegedly possessed several stolen vehicles in a 72-hour period, including during flight from law enforcement. That sounds too much like Mr. Cloud's priors for possessing a stolen vehicle and eluding, which raises the prejudice from these priors immeasurably.

Any argument by the Government for a limiting instruction should fall on deaf ears, as courts recognize their futility under this powerfully-associative factor. *See*, *e.g.*, U.S. v. Sanders, 964 F.2d 295, 297-98 (4th Cir. 1992) ("The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged."). This factor cuts against admission.

**4.    Mr. Cloud's testimony is important.**

In a quintuple homicide relying heavily on eyewitness identification (a notoriously unreliable form of evidence), Mr. Cloud's testimony matters. But the importance of his testimony doesn't empower the Government to smear Mr. Cloud with dated priors that carry no "tinge of falsification," as it proposes; the opposite is true. The more an accused's testimony matters, the less those priors should come in, lest it interfere with Mr. Cloud's Fifth Amendment right to testify. *See Caldwell*, 760 F.3d at 288 ("A defendant's decision about whether to testify may be based in part on whether his prior convictions will be admitted for impeachment purposes. Thus, the

fact that a defendant's testimony is important to demonstrate the validity of his or her defense constitutes a factor weighing against the admission of a prior conviction.").

This factor cuts against admission.

### 5. Mr. Cloud's credibility is central to the case.

The fourth and fifth factors are intertwined and, as stated, Mr. Cloud's testimony matters in an eyewitness-driven prosecution. Perhaps the centrality of his credibility would support admitting Mr. Cloud's priors if they touched on dishonesty or deceit, but not when those factors aren't at play.

The Sixth Circuit provides a cautionary tale if the Government got its way. *See U.S. v. Sims*, 588 F.2d 1145 (6th Cir. 1978). There, a grand jury charged James Sims with felon-in-possession. Although Mr. Sims had two dated priors (a 21-year-old conviction for burglary, and a 12-year-old conviction for transporting a stolen motor vehicle), neither came in during his first trial. *Id.* at 1146. The jury deadlocked.

On retrial, the district court allowed the priors to come in, buying the Government's plea that Mr. Sims's credibility was "essentiality the whole case," and the jury needed those priors to fully assess it. *Id.* at 1150. The jury convicted.

The Sixth Circuit reversed. In doing so, it acknowledged Mr. Sims's credibility was "essentially the whole case," but that didn't constitute "rare and exceptional circumstances that would justify the admission of the two stale convictions into evidence," as both convictions were dated and "neither necessarily shed any light

upon the credibility" of Mr. Sims. *Id.* The case's unique facts—one trial with the priors coming in, the other without—allowed the Sixth Circuit to perform a comparative analysis, concluding the "admission of these two old convictions into evidence had precisely the effect which Rule 609(b) is intended to eliminate[—] prejudicing the jury against the defendant on the basis of his prior criminal record." *Id.* at 1151.

Because Mr. Cloud's priors are not meaningfully different than the priors in *Sims*, this factor cuts against admission.

### III.   Conclusion

Rare and exceptional circumstances. That's when Rule 609 authorizes the Government to introduce dated priors. And the priors the Government wants to rely on don't speak to an individual's propensity to lie, self-evident by their elements; rather, they suggest to a jury Mr. Cloud engaged in similar behavior before, so he likely engaged in this behavior again—exactly what the law forbids. Because the Government cannot show these convictions make "a tangible contribution to the evaluation of credibility and that the usual high risk of unfair prejudice is not present,"[10] Mr. Cloud respectfully asks the Court to prohibit these priors from coming in.

---

[10] *Caldwell*, 760 F.3d at 286.

Dated: April 13, 2021.

Federal Defenders of Eastern Washington & Idaho
Attorneys for James D. Cloud

s/ John B. McEntire, IV
John B. McEntire, IV, WSBA No. 39469
10 North Post Street, Suite 700
Spokane, Washington 99201
t: (509) 624-7606
jay_mcentire@fd.org

**Service Certificate**

I certify that on April 13, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Tom Hanlon and Rick Burson.

s/ John B. McEntire, IV
John B. McEntire, IV, WSBA No. 39469
10 North Post Street, Suite 700
Spokane, Washington 99201
t: (509) 624-7606
jay_mcentire@fd.org