FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 14, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DEAN CLOUD (01), and<br>DONOVAN QUINN CARTER<br>CLOUD (02),<br><br>Defendants. | No.  1:19-cr-02032-SMJ-1<br>       1:19-cr-02032-SMJ-2<br><br>**ORDER DENYING<br>DEFENDANT'S MOTION FOR<br>RECONSIDERATION** |

Before the Court, without oral argument, is Defendant James Dean Cloud's Motion to Reconsider Ruling on Fair-Cross-Section Challenge, ECF No. 456. Defendant asks the Court to reconsider its November 23, 2021 oral ruling denying his Motion to Dismiss Third Superseding Indictment, ECF No. 352. After orally denying Defendant's motion, the Court memorialized and supplemented its ruling in a written Order, ECF No. 474. Having reviewed the file and relevant legal authorities, the Court denies Defendant's motion for reconsideration.

Reconsideration "is an 'extraordinary remedy' usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION – 1

manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016) (quoting *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)); *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). Defendant fails to meet this standard.

Defendant submits that at the hearing on his motion, the Government presented misleading evidence alleging that the group of persons who responded to the summonses for jury service overrepresented the Latino population. ECF No. 456 at 2. Defendant does not appear to dispute the accuracy of this claim, only that it does not tell the complete story. Defendant simply reiterates that the calculations set forth by his expert, Mr. Martin, remain correct—*i.e.,* that Latinos were underrepresented in the grand jury pool. *Id.* at 3. Defendant also reiterates that this underrepresentation occurred in part because the Clerk's Office failed to follow the Jury Plan to the letter.

As discussed in the Court's Order Denying Motion to Dismiss Third Superseding Indictment, ECF No. 474, the Court agrees with Defendant as to the above allegations. But the Court based its decision on the legal determination that the underrepresentation of Latinos and Native Americans was not legally significant and therefore did not rise to the level of a constitutional violation. *Id.* at 16–17. Nothing presented in Defendant's present motion for reconsideration alters that conclusion.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION – 2

//

//

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Reconsider Ruling on Fair-Cross-Section Challenge, **ECF No. 456**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 14th day of December 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge