FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 14, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES DEAN CLOUD (01), and<br>DONOVAN QUINN CARTER<br>CLOUD (02),<br><br>　　　　　Defendants. | No.　1:19-cr-02032-SMJ-1<br>　　　1:19-cr-02032-SMJ-2<br><br>**ORDER GRANTING<br>DEFENDANTS' MOTION FOR<br>INTRADISTRICT TRANSFER** |

"Given the pervasiveness of modern communications and the difficulty of effacing prejudicial publicity from the minds of the jurors, the trial courts must take strong measures to ensure that the balance is never weighed against the accused." *Sheppard v. Maxwell,* 384 U.S. 333, 362-363 (1966). Defendants James Cloud and Donovan Cloud are accused of committing several murders and related crimes. Citing concerns with inflammatory pretrial publicity, Defendants move this Court to order an intradistrict transfer of the upcoming trial in this matter from Yakima, Washington to Spokane, Washington. The Government opposes the motion, primarily arguing that transferring this case will unduly burden the witnesses and victims. While the Court is sympathetic to the Government's

concerns, the Court has a duty to ensure that the jury pool is untainted by high tempers and pre-formed opinions on the Defendants' guilt. The pervasive media coverage on this case has incited a wave of public passion in the Yakima community such that the Court is not sufficiently confident *voir dire* will minimize the effects of the pretrial publicity. Considering the submitted evidence and the Court's duty to safeguard Defendants' right to a fair trial, the Court finds that it is in the interests of justice to transfer this case to Spokane.

## BACKGROUND

The Court has several times set out the relevant facts in this matter and will not belabor them again here. Briefly, Defendants are charged with crimes related to the 2019 quintuple homicide on the Yakima Nation Reservation—often referred to as the "White Swan" murders. Both Defendants are charged with first degree murder and several other related crimes—including carjacking and kidnapping. ECF No. 242.

This case has been described as "the worst homicide in Yakima County's recent history,"[1] and has generated extensive media coverage primarily concentrated in the Yakima area. *See* ECF No 431. With trial approaching,

---

[1] Donald W. Meyers, *White Swan Slayings Tops List of County's Multiple Homicides*, YAKIMA HERALD (June 12, 2019), https://www.yakimaherald.com/news/crime_and_courts/white-swan-slayings-tops-list-of-countys-multiple-homicides/article_35c2a364-6083-59c8-b96b-3b4c93f59c94.html.

ORDER GRANTING DEFENDANTS' MOTION FOR INTRADISTRICT TRANSFER – 2

Defendants now request an intradistrict transfer to Spokane pursuant to Federal Rule of Criminal Procedure 18, on the ground that prejudicial pretrial publicity has tainted the Yakima jury pool.

## LEGAL STANDARD

Transfer of a criminal case within a single district (an intradistrict transfer) is governed by Federal Rule of Criminal Procedure 18. *See United States v. Lipscomb,* 299 F.3d 303, 340 (5th Cir. 2002); *United States v. Hirst*, No. CR 11-0157 SBA, 2011 WL 1304269 at *1 (N.D. Cal. Apr. 5, 2011). Under Rule 18, a trial ordinarily must be held "in a district where the offense was committed." Fed. R. Crim. P. 18. "[T]here is no constitutional or statutory requirement that a defendant's trial take place in a specific courtroom or *division* within a federal judicial district." *United States v. Erwin*, 155 F.3d 818, 824 (6th Cir. 1998) (emphasis in original); *see also United States v. Lipscomb*, 299 F.3d 303, 339 (5th Cir. 2002). Rather, "[t]he court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses and the prompt administration of justice." Fed. R. Crim. P. 18. "Although the text of Rule 18 refers only to considerations of convenience and the prompt administration of justice, the court may also look to other factors such as 'docket management, courthouse space and security, and . . . pretrial publicity.'" *United States v. Mathis*, No. 3:14CR00016, 2015 WL 5012159 at *3 (W.D. Va. Aug. 21, 2015) (quoting *Lipscomb,* 299 F.3d at 342).

ORDER GRANTING DEFENDANTS' MOTION FOR INTRADISTRICT TRANSFER – 3

In deciding whether to grant a motion for a Rule 18 transfer, "the trial court has broad discretion." *United States v. Kott*, No. 3:07 CR 00056 JWS, 2007 WL 2220444 at *2 (D. Alaska Aug. 1, 2007); *see also United States v. Scholl*, 166 F.3d 964, 969 (9th Cir. 1999) (reviewing intradistrict transfer for abuse of discretion).

## DISCUSSION

**A.    Defendants have shown that an intradistrict transfer to Spokane is warranted in this case**

Defendants argue that the pretrial publicity this case has generated is so inflammatory that the interests of justice mandate transferring this case from Yakima to Spokane. *See generally* ECF No. 432. The Government counters that a transfer will present an undue hardship for victims and witnesses and urges that Defendants have not met their burden to show intradistrict transfer is warranted in this case. *See generally* ECF No. 453. Having considered the parties' arguments and submitted evidence, the Court agrees with Defendants and finds that transferring this matter to Spokane will best facilitate the Court's ability to seat an impartial jury untainted by pretrial publicity.

Unsurprisingly, the pretrial publicity on this matter has been pervasive. This is the largest murder case in Yakima's recent history and has generated hundreds of articles and TV spots. To wit, Defendants have submitted 124 pages of Yakima newspaper articles on this case, the dates of which range from 2019 to 2021. The Court is hard pressed to think of another case in this district that has generated

ORDER GRANTING DEFENDANTS' MOTION FOR INTRADISTRICT TRANSFER – 4

nearly as much media coverage as this case.

But the volume of media coverage is not the Court's primary concern. The larger problem is the content of the coverage. The Government contends the articles submitted by Defendants "simply confirm[] that the Defendants were charged in the instant offense and provide basic facts." ECF No. 453 at 12. The Court disagrees with this global characterization of the media coverage on this case. Having thoroughly reviewed the submitted articles, the Court finds that several of them contain highly prejudicial content. For example, a February 2020 article published by KIMA-TV (a CBS-affiliate in Yakima) headlines "Clouds *finally* charged in White Swan mass murder."[2] Another article describes James Cloud as having been "captured" and noted that he was "considered armed and extremely dangerous."[3] Taken together, the articles are replete with the Defendants' purported involvement in the murders and other crimes—and many of them describe the alleged conduct with specificity.

More troubling to the Court is that several articles document inadmissible

---

[2] *Clouds Finally Charged in White Swan Mass Murder*, KIMA-TV (Feb. 12, 2020), https://kimatv.com/news/local/clouds-finally-charged-in-white-swan-mass-murder (emphasis added).

[3] Tammy Ayer, *Authorities Confirm Final Suspect in White Swan Homicides has been Caught, Release Details of Capture*, YAKIMA HERALD (June 10, 2019), https://www.yakimaherald.com/news/local/authorities-confirm-final-suspect-in-white-swan-homicides-has-been-caught-release-details-of-capture/article_699dcc7a-d2ab-53e5-b282-91407919f48e.html.

ORDER GRANTING DEFENDANTS' MOTION FOR INTRADISTRICT TRANSFER – 5

facts and allegations. *See Ainsworth v. Calderon*, 138 F.3d 787, 795 (9th Cir. 1998) (courts may properly consider whether media accounts contain prejudicial information that is not admissible at trial). A review of the submitted articles reveals a number of media accounts speculating that the Defendants may have been involved in the separate, uncharged deaths of two California men traveling to a concert at the Gorge Amphitheatre in Grant County, Washington.[4] Speculation about the Defendants' involvement in these deaths spread on social media platforms—including a Facebook page created by a mother of one of the victims. One of the posts on the page alleges that bullet casings related to the deaths of the concertgoers "matched bullet casings found at the White Swan murders." ECF No. 431-5 at 59. This speculation gained traction in the Yakima community, resulting in a string of media accounts reporting that the deaths of the California men may be linked to this case. ECF No. 431-5. At this juncture, the Court considers any evidence linking Defendants to the deaths inadmissible, as the Government has advised it does not anticipate a fourth superseding indictment in this matter. *See* ECF No. 317 at 2.

Additionally, several media outlets have published articles documenting the Defendants' prior criminal convictions—which the Court has already excluded. *Id.*

---

[4] *See, e.g.*, Emily Goodell, *Prosecutors Say Brothers May Have Killed 7 People*, YAKTRINEWS (Oct. 27, 2020 7:09 P.M.), https://www.yaktrinews.com/brothers-may-have-killed-7-people-on-the-yakama-reservation-prosecutors-say/.

ORDER GRANTING DEFENDANTS' MOTION FOR INTRADISTRICT TRANSFER – 6

One article describes, with specificity, two of James Cloud's prior convictions in 2002 and 2008, and notes that there were "a dozen cases filed against Cloud in Yakima County Superior Court from 1997 to 2006—nine of which resulted in a conviction."[5] Similar coverage was also published on Twitter. *See* ECF No. 431-6 at 46 (tweet posted by KAPP-KVEW reporting "Cloud has been arrested and charged with a crime at least 21 times in the past two decades"). And at least one Yakima media account has published Donovan Cloud's criminal history, reporting his "2013 convictions of first-degree robbery, theft of a firearm, burglary and a 2006 conviction of assault with a deadly weapon."[6] These reports place Defendants "in a negative light on the basis of [their] past life or events not intrinsic to the crime charged." *United States v. Joyce*, No. CR. 07-31 ERIE, 2008 WL 2367307 at *4 (W.D. Pa. June 10, 2008).

The Court also considers the polling data submitted by Defendants. In October 2021, Defendant James Cloud hired Dr. Bryan Edelman, a social psychologist who specializes in venue analysis, to perform a telephonic survey and measure this case's recognition in three areas: Yakima, Richland, and Spokane.

---

[5] Emily Goodell, *White Swan Murder Suspect Pleads not Guilty to Armed Carjacking*, YAKTRINEWS (Dec. 18, 2019, 10:36 P.M.), https://www.yaktrinews.com/white-swan-murder-suspect-pleads-not-guilty-to-armed-carjacking/.

[6] Phil Ferolito, *Authorities Seeking Motive in White Swan Violence Called 'way, way off the charts,'* YAKIMA HERALD (June 11, 2019), https://www.yakimaherald.com/news/local/authorities-seeking-motive-in-white-swan-violence-called-way-way-off-the-charts/article_e84688f9-d806-5d24-aeb4-f0d5e5090d09.html.

ORDER GRANTING DEFENDANTS' MOTION FOR INTRADISTRICT TRANSFER – 7

ECF No. 431-1. Dr. Edelman placed 9,166 calls to persons in the Yakima area, 7,964 calls to persons in the Richland area, and 8,011 calls to persons in the Spokane area. *Id.* at 77. Two-hundred persons in each area engaged in interviews, for a total of 600 interview respondents. *Id.*

In the Yakima area, 55 percent of the respondents recognized this case. *Id.* at 6. Meanwhile, only 20 percent of Spokane-area respondents recognized this case. *Id.* More concerning to the Court than case recognition are the results on the respondents' apparent readiness to convict the Defendants before trial has even started. For the respondents who recognized the case, Dr. Edelman followed up by asking:

> "Given what you have read, seen, or heard about this shooting, would James and Donovan Cloud have a difficult time convincing you that they are not—repeat is not—guilty of murder?"

*Id.* at 7. Of the 110 persons in the Yakima area and the 20 persons in the Spokane area who recognized this case, 61 and 4 of them, respectively, answered "Yes." *Id.* In other words, over half of the respondents in the Yakima area who recognized this case stated a bias against the Defendants. But the Court notes that as framed, the survey question impermissibly shifts the burden of proof from the Government to the Defendants.

While these results are concerning, the Court gives them minimal weight. *See Shapiro v. Kauffman*, 855 F.2d 620, 621 (8th Cir. 1988) ("Public opinion polls

ORDER GRANTING DEFENDANTS' MOTION FOR INTRADISTRICT TRANSFER – 8

introduced with the purpose of demonstrating jury bias have found little favor with the courts."). The Court credits the Government's contention that the persons interviewed may not constitute a representative sample of the jury pool in the Yakima area. *See* ECF No. 453 at 6–7. Nonetheless, even giving the survey results little weight, they tend to show some predisposition to convict that the Court must take measures to minimize.

Finally, the Court considers the documented public opinions on this case and the impact of the news coverage on potential jurors. Defendants have submitted a string of inflammatory online comments posted by persons presumably located in or near Yakima. The Court deems it unnecessary to recount the specific comments, but suffice it to say they are lamentable. The comments are vitriolic, violent, and reflect formed opinions on the Defendants' guilt. While the Court cannot readily determine that the commenters are located in Yakima, the Court presumes a significant portion are, given that the large majority of media coverage on this case has been concentrated in the Yakima area.

**B.     The Government's contentions**

The Government's opposition to Defendant's motion might prevail were this a question of whether venue should be transferred to another district. But the question presently before the Court is whether this case should be transferred to another division within this district—a less burdensome standard.

ORDER GRANTING DEFENDANTS' MOTION FOR INTRADISTRICT TRANSFER – 9

As an initial matter, the Court recognizes that most victims and witnesses in this case are from Yakima. ECF No. 453 at 3. The Court is sympathetic to any inconvenience that transferring this case to Spokane will cause for these individuals. The Court further recognizes the burden on the involved law enforcement agencies, particularly those that are already short-staffed. While Spokane will be a less-convenient commute for the victims and witnesses, it is not such a distant forum that the commutes will be onerous. With these concerns in mind, Court is convinced that any inconvenience is outweighed by the effects of the pretrial publicity—which militate in favor of transferring this matter to Spokane.

The Government further contends that Defendants overstate the threat imposed by the new reports on this matter. *See* ECF No. 453 at 10–12. Specifically, the Government notes that the number of news reports have dissipated considerably over the past two years. *Id.* at 12. True, but the effects of prejudicial media coverage are not simply erased with the passage of time. Moreover, the Court anticipates a resurgence of coverage as the trial draws near. The Court also declines to credit the Government's suggestion that the media coverage is not prejudicial because no article states that Defendants have confessed to the crimes or are guilty of them. *See id.* But the absence of false reporting or overt opining on the Defendants' guilt does not make the coverage, as a whole, non-prejudicial.

Finally, the Court is unpersuaded that *voir dire* will combat the publicity

ORDER GRANTING DEFENDANTS' MOTION FOR INTRADISTRICT TRANSFER – 10

concerns described above. While the Court generally believes in the ability of this division's citizens to remain impartial and adhere to Court instructions, it is not willing to take an unnecessary risk in this case, where a forum within the same district is available. This case is not the average criminal matter; Defendants are accused of a multiple murders and other highly publicized conduct and face significant penalties if they are convicted. The Court will conduct *voir dire* as it typically does, and will transfer this case to Spokane as an additional precaution to ensure a fair and impartial trial.

## CONCLUSION

Undoubtedly, the Yakima community is an especially receptive audience to the extensive media coverage on the largest murder case in Yakima's recent history. In view of the volume and content of the media coverage on this matter, and the publicly stated opinions on Defendants' guilt, the Court is concerned that the Yakima jury pool has been tainted by inflammatory pretrial publicity.

While Spokane is not so distant as to overly burden the victims and witnesses in this case, Spokane is far enough that the Court is confident that prospective jurors will be less likely to have formed opinions on the Defendants' guilt. In consideration of fairness and the Court's duty to seat an untainted jury, the Court, in its discretion, hereby transfers the trial in this matter to Spokane, Washington.

//

//

//

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Intradistrict Transfer, **ECF No. 432**, is **GRANTED**.

   A. The trial in this matter is **TRANSFERRED** to **SPOKANE**.

   B. Unless reset by subsequent Order, all pretrial matters will remain in **YAKIMA**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 8th day of December 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR INTRADISTRICT TRANSFER – 12