Lorinda Meier Youngcourt
Trial Attorney, WA Bar 50988, IN 14411-49
Federal Defenders of Eastern WA & ID
10 North Post, Suite 700 | Spokane, WA 99201
(509) 624-7606 | Lorinda_Youngcourt@fd.org
Counsel for James Dean Cloud

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Salvador Mendoza, Jr.

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DEAN CLOUD,<br><br>Defendant. | Case No. 1:19-CR-2032-SMJ-1<br><br>BENCH BRIEF: USING LEADING QUESTIONS WITH AGENT TROY RIBAIL AND AGENT JENNIFER TERAMI DURING DIRECT EXAMINATION |

James Cloud will call FBI Agents Troy Ribail and Jennifer Terami during his case in chief. Agent Ribail is employed by the Government and has sat at the Government counsel table throughout the trial. Agent Terami is employed by the

BENCH BRIEF: LEADING QUESTIONS - 1

Government and has been present in the gallery throughout the trial. Agents Ribail and Terami, and others reporting to them, collected evidence against James Cloud. They interviewed many of the witnesses including M.J. and N.J. Agent Ribail testified four times before the grand jury requesting indictments against Mr. Cloud.

Agents Ribail and Terami are adverse witnesses. Federal Rule Evidence 611 states courts "should allow" leading questions "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Fed. R. Evid. 611(c)(2) (2022). Rule 611 does more than simply recognize courts "should allow" leading questions when dealing with adverse witnesses; the rule makes it procedurally easier to employ leading questions at the outset by removing the need to first show the witness is hostile. See, e.g., *Ellis v. Chicago*, 667 F.2d 606, 612-13 (7th Cir. 1981) ("The new [Rule 611] was thus designed to enlarge the categories of witnesses automatically regarded as adverse, and therefore subject to interrogation by leading questions without further showing of actual hostility.").

Because Agent Ribail is employed by the Government and is the lead law enforcement officer on the case against Mr. Cloud, he qualifies as an adverse witness. In addition, because Agent Terami is employed by the Government and has been integrally involved on the case against Mr. Cloud, she also qualifies as an adverse witness. As such, James Cloud respectfully asks the Court to allow leading questions,

BENCH BRIEF: LEADING QUESTIONS - 2

as Rule 611 encourages during the direct examinations of Agents Ribail and Terami in his case in chief.

Dated:  March 4, 2022.

>*/s/ Lorinda Meier Youngcourt*
>Lorinda Meier Youngcourt

**Certificate of Service**

I certify that on March 4, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify all counsel or record. Further, I provided a hard copy to all counsel in open court.

>*/s/ Lorinda Meier Youngcourt*
>Lorinda Meier Youngcourt
>Federal Defenders of Eastern WA & ID
>10 North Post, Suite 700
>Spokane, WA 99201
>(509) 624-7606
>Lorinda_Youngcourt@fd.org

BENCH BRIEF:  LEADING QUESTIONS - 3